No. 48.—THE EXECUTORS of JAMES RIGGINS, deceased, plaintiffs in error, *vs.* WILLIAM BROWN, defendant.

[1.] Exceptions to an answer in Equity, are a part of the pleadings in the case, and as such may be read on the trial.

[2.] Opinions of a witness are competent, when the facts on which they are founded are stated.

[3.] The fact that a witness is security for the party calling him, upon another and distinct debt, is not sufficient to disqualify him, upon the ground of interest.

[4.] What a witness now dead, swore on a former trial, and taken down in a brief of the testimony, and verified by the oath of one who heard the evidence given in, is competent testimony.

[5.] An exemplification of a record from another Court, of a case not between the same parties, is not admissible evidence; nor is evidence of its contents.

[6.] It is not necessary to the discharge of a surety, on the ground of indulgence or other act of the creditor which will discharge him, that the surety should give notice to the creditor, that he dissented from the act.

[7.] It is not error for the Circuit Judge to read to the Jury, an opinion of the Supreme Court, without a special statement of the facts upon which that opinion was rendered, when he charges the law correctly, as applicable to the facts of the case before him.

[8.] In a suit by a surety who has been discharged by the acts of the creditor, and who has paid the money, for the recovery of the money so paid, it bears interest from the time that it was paid to the creditor.

[9.] A brief of testimony, taken for the purpose of a new trial, in which is contained the testimony of a witness now dead, given in on a former trial, and which was verified by a witness who heard it, was sent out with the Jury; the Court having previously instructed them, that no part of it was evidence, except the testimony of the deceased witness; and it appeared from the depositions of two of the Jury that they, (the Jury) did

not consider this brief at all, in making up their verdict: *Held,* that a new trial will not be granted, on account of the brief going out with the Jury under these circumstances.

[10.] The Jury being charged with a case, were allowed to separate by the Court before returning their verdict, in the presence of counsel, and no objection was made; there being no evidence of any attempt to influence their verdict, or of any improper conduct: *Held,* that in a civil suit, this is not a good ground for a new trial.

[11.] A rule for a new trial, cannot be amended by the addition of new grounds, after it is filed.

In Equity, in Pike Superior Court.　Tried before Judge Starke.　August Term, 1851.

The facts of this case are as follows:

William Brown filed his bill, setting forth that in the year 1837, four individuals, to wit: W. V. White, E. Hedd, J. Killpatrick, and James Griffin, applied to James Riggins for a loan of a large sum of money; that Riggins consented to lend the amount, if William Brown, the complainant, would sign the note with them, which, on application, Brown agreed to do, not signing himself as a security, but being so in fact.　The bill stated, that this note was sued by Riggins, and judgment obtained; and, in 1841, execution was issued against all the parties who had signed the note; that the *fi. fa.* was placed in the hands of the Sheriff, and might have been entirely satisfied out of the effects of the principal debtors, if levied immediately; but that the plaintiff, without the knowledge or consent of Brown, agreed with Griffin, one of the principals, to wait with him until he could gather his crop; and, in compliance with the agreement, ordered the Sheriff, in writing, not to levy on the property of Griffin.　The Sheriff afterwards (as was charged) levied on enough of the property of White, another of the principals, to satisfy the *fi. fa.* which levy was dismissed by order of the plaintiff.　The bill went on to state, that Griffin had afterwards delivered up to Riggins negro property sufficient to satisfy the *fi. fa.* which had been carried off, and the *fi. fa.* remained open: that complainant's property had been sold under other *fi. fas.* against him, and that Riggins had placed his *fi. fa.*

in the Sheriff's hands to claim the money. The bill prayed that Riggins be enjoined from any further proceedings on said *fi. fa.* The defendant answered the bill, and exceptions were taken to the sufficiency of the answer; and, after various other proceedings not necessary to specify, the cause came to a final trial at August Term, 1851.

The following are the points to which exceptions are taken by the defendant:

1. That the Court permitted the exceptions which complainant had filed to defendant's answer, to be read to the Jury as part of the pleadings.

2. That Shivers, the former Sheriff of the County, who had held the *fi. fa.* against Griffin, and had gone to Griffin's house to make the levy, after stating these facts, stated further, in answer to a question objected to, but allowed by the Court, that, in his opinion, Griffin at that time had personal property sufficient to have satisfied the *fi. fa.*

3. That the Court admitted the testimony of Charles McDowell, who was objected to by defendant as interested, on the ground that he was a security for the complainant on other debts. A portion of his answers were objected to, on the further ground, that the witness stated his belief, as to the amount of property held by Griffin and the other principals in the note.

4. That the Court permitted a portion of the brief of the testimony of Charles McDowell, which had been taken down in a former trial of this cause, and filed in a motion for a new trial, to be read to the Jury—the witness having since died.

5. That the Court permitted the various rules against the Sheriff, &c. connected with the cause, to be read to the Jury from the minutes.

6. That the Court rejected an exemplification from Troup County, of a suit in attachment between W. V. White and E. Head, plaintiffs, and one Ward, defendant, the object of which was to prove that Brown had been a co-security with White, Head, Killpatrick and Griffin, on a note of Ward, in lieu of which the note now in controversy was given; thereby to raise a presumption, that Brown was principal with them in this note.

7. That the Court rejected the testimony of O. Warner, Esq. in relation to the suit in Troup, above mentioned.

8. That the Court refused to charge the Jury, that, complainant having averred that he was no way connected with the first note, (meaning the note for which the present note was given) that he must prove that allegation.

9. That the Court refused to charge, that, in order to discharge Brown, he must show notice to Riggins of his dissent to the indulgence granted to Griffin.

10. That the Court, in its charge, read to the Jury a part of the decision of the Supreme Court, made in this case on a demurrer to the bill, and failed to explain to them that the facts mentioned in said decision were only assumed to be true, for the purposes of argument, and not decided to be true in fact by the Supreme Court.

11. That the Court charged, that the complainant might recover interest on the amount which he had paid on the execution, for the time since the defendant or his attorneys had received it.

12. That the Court told the Jury, that defendant's answer did not positively deny that complainant was a security on the note; telling them however at the same time, that the whole answer was with them, and they should judge for themselves by examining it.

13. That the Court, when requested by defendant's counsel to charge, that "if Brown assented to the indulgence granted to Griffin, he was not released," refused so to charge, but said that Riggins in his answer denied the indulgence.

14. That the Court allowed the Jury to take out with them the whole brief of testimony filed in the motion for a new trial; (a portion of which was McDowell's testimony before mentioned) at the same time instructing the Jury, not to consider any part of it, except the portion marked as having been admitted as evidence.

15. That the Court, after the Jury had been charged with the case, permitted them to separate from Saturday night until Monday

morning; and to deliver their verdict, after the week for which the Grand Jury were drawn, had expired.

16. That when a rule *ni si* for a new trial, had been moved by defendant, the Court refused to allow said rule to be continued, for the purpose of amending it by adding new grounds.

To these several rulings and charges of the Court, the defendant excepted.

FLOYD & GIBSON, represented by WHITTLE, for plaintiff in error.

H. & J. S. GREEN and HAMMOND, for defendants.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The exceptions to the answer are part of the pleadings in the case; and as pleadings, there is no reason why they should not be read to the Jury, with the other pleadings.

[2.] The Sheriff's opinion about the sufficiency of Griffin's property to pay the debt, was accompanied by the statement of facts upon which that opinion was founded, and for that reason admissible.

[3.] McDowell's testimony was well admitted. The fact that he was security for the complainant on another debt, is not such an interest as will exclude him. He had no direct and immediate interest in the event of this suit. His interest was too remote to disqualify.

[4.] What he had sworn on a former trial, it seems, was taken down in a brief of the testimony, upon an application for a new trial. Being dead, this brief was read as evidence of what he had previously sworn. It may be a question whether such a brief, although agreed upon by counsel, or certified by the Court, can be read as the testimony formerly given in, by a witness now dead.

A witness, however, was called in this case, who swore that the brief contained the evidence, as McDowell gave it. So it was properly read as evidence.

The rules against the Sheriff were read as part of the record in the case, showing the action of the Court in relation to the fund in controversy.    We see no objection to this.

[5.] The exemplification from Troup County, was not the record of a suit between the same parties, and therefore irrelevant and properly rejected ; and if the record was inadmissible, Mr. Warner's evidence touching that record's contents, was also inadmissible.

[6.] It is not necessary to the discharge of a surety on account of indulgence given by the creditor to the principal, that the surety should show notice to the creditor of his dissent to the indulgence.    The act of the creditor discharges the surety, without any act of dissent on the part of the surety.   The surety stands upon his legal rights, and the creditor must look to his own acts, and their legal consequences.    The Court therefore did not err in refusing to charge that such notice was necessary.

If Brown, the complainant, was only security on the second note, and the indulgence as charged is proven, he is entitled to recover.    He avers that he was not interested in the consideration of the first note, in lieu of which the second was given, and seeks to show thereby, that he was only security to this second note.    But he is not held, because of that averment, to prove his suretyship in no other way.    If he was surety only to the second note, his case is, *pro tanto*, made out, no matter how he proves it.    So the Court was right in refusing to charge, that unless that allegation was proven, he could not recover.

[7.] The Court read to the Jury the decision of the *Supreme Court* when this cause was before it on a former writ of error, and it is excepted that he did not explain to the Jury, that that decision was made upon an assumed state of facts.    We find that the Court read the decision of the *Supreme Court*, for the purpose of charging them what principles of law governed the cause, and that he applied fairly those principles to the facts of the case, as it there stood, for their consideration.    This was all right.

[8.] As to the interest.    The fund had been paid to the defendant, upon execution against the complainant and others, and

Executors of Riggins *vs.* Brown.

this bill was filed to recover it back, upon the ground that it was illegally paid over, inasmuch as the complainant, who had paid it as security, had been discharged by the acts of the defendant, who, was the plaintiff in that execution.

The Court allowed interest to the complainant from the time that defendant or his counsel received it. The payment and the entries on the execution, liquidated the claim, and it bore interest rightfully from that time.

The Court was correct when he told the Jury that Riggins did not positively deny the suretyship of the complainant on the note; for such we find to be the fact. He denies that the note or the judgment exhibits him as surety; but does not positively say, that he was not in fact a surety on the contract. Besides, the Judge left, after all, the consideration of the fact of the denial of the suretyship to the Jury, upon the answer and the evidence. Nor did the Court err in declining to instruct the Jury, that if Brown assented to the indulgence, he was not discharged. The defendant, Riggins, denies that any indulgence was given, and there is no evidence of Brown's consent. There was therefore no issue or evidence which called for any such instruction. In laying down the law, as to what would discharge a surety, *moreover*, the Judge expounded the rule to them fully and clearly.

[9.] The brief of the testimony which went out with the Jury, was that which contained the testimony of McDowell, given in on a former trial, and which was proven by a witness to contain truly what he had sworn. No part of it was read as evidence, but that which contained his testimony—*that* was read to the Jury, and they were at the time instructed by the Court, that none *but that* was in evidence. Two of the Jurors swore, that in making up their verdict, the Jury did not regard this brief of evidence, and one, that it was not read at all in the box. Under these circumstances we do not think the sending out of this paper with the Jury, although irregular, sufficient ground for a new trial.

[10.] As to the separation of the Jury, it was allowed by the Court, in the presence of the counsel, and no objection was

made—it was therefore with their implied assent. There is no evidence of any approaches or other attempts to influence their verdict, or of any improper conduct on their part. In a *civil cause*, we do not feel at liberty to grant a new trial on this ground.

[11.] We hold that a rule for a new trial, cannot be amended by the addition of new grounds, after it is filed. The party could not therefore continue, with a view to such amendment.

Let the judgment be affirmed.