WILSON GALLOWAY, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] Where there are cross indictments, the acquittal of the defendant who is the prosecutor in the case about to be tried, is no ground for a continuance; nor is the fact that the prosecutor is a member of an influential family, and of the party in the majority, and politics to some extent was mixed up with the trial which had taken place, and had given rise to excitement.

[2.] Error cannot be assigned on the conclusion of fact of the presiding Judge acting as trior.

Assault with intent to murder, from Twiggs.    Tried before Judge LAMAR, March Term, 1858.

Wilson Galloway was indicted for an assault with intent to murder, and put upon his trial at the March Term of Twiggs Court, 1858, and found guilty.    His counsel moved for a new trial on the following grounds:

1st. Because the Court erred in not granting a continuance of the case, when defendant stated under oath, that he could not safely go to trial at said Term, for that the defendant was the injured party, and on whom, and against whose habitation the offence was committed, for which the said Andrew J. Smith was tried and acquitted on the day before.    That said Andrew J. Smith is a member of a very influential family in said county, and the political questions of the day have been to a very great extent mixed up with said case, and operating against him, and would prevent him, the defendant, from getting a fair trial at said Term of the Court, and that he, the defendant, being a member of a political party, in the the minority at that time in said county, and said difficulty having originated in political differences, and the public mind being excited against defendant, he could not safely go to trial at said Term of the Court, and that he did not make the application for delay, but solely for the purpose of getting a fair trial.

2d. Because the Court decided Britton Oneal to be a competent juror, when said Oneal was the overseer of B. B. Smith

up to the death of Smith in June, 1857, and then continued as overseer and hand until Christmas after, at the homestead; that A. J. Smith resided during this time at the homestead; that the juror was, at the time of the trial, an employee of the brother-in-law of prosecutor, and the wife of said brother-in-law, and sister of prosecutor, and injured party, is still iving.

The juror made himself competent under the statute, in his answers to the questions prescribed, and he was put upon the Court as trior, and the Court remarked, in its decision, that the juror had said or done nothing to impeach himself, and seemed intelligent, and comprehended fully the questions propounded, and the moral as well as legal responsibility of his oath.

3d. Because the Court erred in deciding that John W. Cowan was an incompetent juror. Cowan was one of the regular panel of petit jurors, and made himself competent in his answers to the questions prescribed. The State submitted him to the Court as trior, and it appeared that said juror was on defendant's bond, for his appearance at that Term of the Court.

4th. Because the Court erred in its charge to the jury, when the Court read to the jury the different provisions of the penal code, in relation to murder, malice, manslaughter, justifiable homicide, killing in self defence, and the 13th section of the 4th division of the code, in relation to fear, &c., and commented on the same; none of which comments were excepted to, save the following:

That if two persons, in a sudden quarrel, and under the violent impulse of passion, supposed to be irresistible, fight at once, or immediately go to an appointed place to fight while such passion thus continued, and no undue advantage is taken or sought, and one killed the other, although this might be only manslaughter, yet if, upon agreement, after such falling out or going at once to the appointed place to fight, they do not execute their purpose, but defer the fight

until the next day, and then fight with swords or other wea-
pons, whereby one is killed, such killing would be murder,
because there would be sufficient time for the passions to
subside, and the voice of reason and humanity to be heard

The Court overruled the motion for a new trial, and the
defendant by his counsel excepts.

STUBBS & HILL; SCARBOROUGH & LOWRY, for plaintiff in
error.

DeGRAFFENRIED, Sol. Gen. *pro tem.*, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] This cause is brought up from Twiggs Superior Court
for alleged error in the judgment of the Court, refusing the
plaintiff in error a new trial. The grounds of the motion
are fully set forth in the foregoing statement.

The first ground in the rule is the alleged error of the Court
in refusing a continuance of the cause, on the motion of the
plaintiff in error. There were cross indictments. The de-
fendant in this indictment had prosecuted Andrew J. Smith,
(who is now the prosecutor,) for assault with intent to mur-
der. He had been tried and acquitted on the previous day
His acquittal was one of the grounds on which the continu-
ance was moved. It by no means follows from the acquittal
of Smith, that the defendant in this case was guilty, and
there is nothing in the application to show that the jury, on
the trial of this case, had to pass on the same evidence. If
there was, it might be a cause of challenge to the jurors, but
certainly it is no ground on which a continuance should be
granted. It was further urged, as a ground of continuance,
that the prosecutor, Smith, on whom the assault is charged
to have been committed, is a member of a very influential
family in the county; that the defendant belongs to the par-
ty in the minority; and that the political questions of the

day had, to a considerable extent, been mixed up with the trial in the other case; and that the public mind being much excited against him, he could not go safely to trial. We cannot recognize, in these specifications, a good ground for a continuance. Because a person belongs to an influential family, or a political party in the majority, and because there is much political excitement, the individual who assaults him is not to escape a trial because the family influence and political power in the county, he fears, may have undue weight against him on his trial. How long is the trial to be delayed—for the weakening of the family influence, the change of political majorities, or the subsidence of party excitement? There is no authority to support such an application.

[2.] The second ground in the rule for a new trial is, that the Court, acting as trior of the competency of Britton Oneal as a juror, found him competent. He was confessedly competent under the rule prescribed by the statute for testing the competency of jurors, and the Court found him competent, upon the evidence submitted to impeach his competency, and the decision of the Judge, as trior, can no more be made a ground of error before this Court, than the verdict of triors could have been, prior to the late statute.

If the presiling Judge should mistake the *law*, and by such mistake a prejudiced or unqualified juror *should be empannelled* to try the prisoner, it would be different. It does not appear that an objectionable juror was of the panel which tried this plaintiff in error. Britton Oneal, as appears in the record, was not on the jury.

The same remarks apply to the rejection of Cowan as a juror. The Judge acted as trior, and error cannot be assigned on his conclusions upon the facts. We will add, that if the Court had decided him to be a competent juror, it does not follow that the defendant would have had him as one of the panel to try him. The State might have set him down. But suppose the Court were to send a cause back, for the

reason that the rights of the defendant had been violated by the rejection, as incompetent, of a person returned on the *venire* as a juror, or summoned as a tales juror, it does not follow that that wrong could be remedied by the reversal of the judgment, for the effect of a reversal would not be to give him, on his next trial, the rejected juror. The presiding Judge put his decision on the fact, that Cowan was security for the prisoner on his bond, and held that that was evidence of bias in his favor. We would not overrule his conclusion, when so strong a reason is offered to support it, even if our power admitted it.

We find no fault with the charge of the Court. The charge excepted to was a supposititious case, put by the Court, to illustrate to the mind of the jury, the law of malice.

There is no conflict between the verdict of the jury and the charge of the Court, and no legal mind can, for a moment, entertain a doubt in regard to the verdict of the jury on the law and evidence.

Judgment affirmed.