WILLIAM A. NESBIT, plaintiff in error, vs. WILLIAM J. CAUTRELL, et al., defendants in error.

A. had a judgment on B. founded on a debt he held on B. C. as A's agent or attorney, for collecting the debt, was to receive ten per cent. as commissions, on the amount collected of the debt.

*Held,* That C. was not a party or a privy to the judgment, and therefore, that it was not admissible as evidence against him.

Trespass, in Gordon Superior Court. Tried before Judge CROOK, April Term, 1859.

This was an action of trespass by William A. Nesbit, against William J. Cautrell and John R. Taylor, for entering plaintiff's close, and seizing, and taking therefrom, some two hundred and fifty bushels and several stacks of wheat, &c.

Defendants pleaded the general issue, and further that defendant, Taylor, was a constable, and seized upon the wheat as the property of James A. Nesbit, under and by virtue of an execution against him.

At the trial, both parties submitted their evidence, and the jury found for defendants; whereupon plaintiff moved for a new trial upon the grounds:

1st. Because the verdict was contrary to evidence.

2d. Because the verdict was contrary to the weight of evidence.

(3d & 5th ground stricken out by the Court, as not being consistent with the facts of the case.)

4th. Because the Court excluded the record of a claim case in a Justice Court, between one Obediah C. Campbell, plaintiff in *fi. fa.*, against James A. Nesbit, defendant, and William A. Nesbit, claimant, involving the title of the same wheat, and, by which it appeared that the wheat was found not subject to said *fi. fa.* against James A. Nisbet.

The Court overruled the motion for a new trial, and plaintiff excepted and assigned said refusal as error.

FRANCIS, for plaintiff in error.

DABNEY, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right in refusing to grant the motion for a new trial?

We think, that there was sufficient evidence to support the verdict; consequently, that the first two grounds of the motion are not good.

As to the fourth ground—Cautrell was not a party to the judgment in the justice's Court, or, in privity with any person who was a party to that judgment. True, he was to receive, as pay, for collecting the note on which the judgment was founded ten per cent. on the amount collected; but this did not make him part owner of the note—owner of ten per cent. of the note; it merely made the amount collected on the note, a thing by which his compensation was to be measured. The contract was like the commis-

sion contracts usually made by attorneys for collecting debts, and it was never supposed that those contracts make the attorneys part owners of the debts.

Judgment affirmed.