RUST & JOHNSTON, plaintiffs in error, vs. SHACKLEFORD & COMPANY, defendants in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

1. A juror, who is a cousin of one of the defendants, is incompetent to sit on the trial of the cause. (R.)
2. One of the plaintiffs having been examined, may, nevertheless, be reintroduced in rebuttal of defendant's testimony. (R.)

Juror. Evidence. Before Judge CLARK. Dougherty Superior Court. June Term, 1872.

Rust & Johnston *vs.* Shackleford & Company.

For the facts of this case, see the decision.

LYON & IRVIN; R. N. ELY, for plaintiffs in error.

VASON & DAVIS, for defendants.

WARNER, Chief Justice.

The plaintiffs brought an action against the defendants to recover the price of eleven bales of cotton, which the plaintiffs alleged the defendants had purchased of them. On the trial of the case, the jury found a verdict for the defendants. A motion was made for a new trial, on the ground that one of the jurors was a cousin of one of the defendants, which fact was not known to the plaintiffs until after the trial, and because the Court erred in rejecting the evidence of Johnson, one of the plaintiffs, in rebuttal of the defendants' evidence, the witness having been examined in his own behalf when the plaintiffs' side of the case was submitted to the jury. The Court overruled the motion for a new trial and the defendants excepted. When the plaintiff was first examined, he proved the sale of the cotton to the defendants, and said the money for the cotton was to be paid when Turner returned from Savannah, who was expected in a day or two after the sale was made to Shackleford, the other partner. The return of Turner from Savannah related to the time when the payment for the cotton was to be made, and not to any conditional contract for the sale of the cotton. Shackleford, one of the defendants, testified that the contract for the purchase of the cotton was a conditional contract, depending on the fact of Turner, his co-partner, bringing the money from Savannah to pay for it. The plaintiffs' counsel then proposed to recall Johnson and to prove by him, in rebuttal of the defendants' evidence, that the sale of the cotton was not a conditional sale, but an absolute and unqualified sale. This evidence the Court rejected, on the ground that the witness had already been examined in relation to that question. In our judgment, the Court erred in rejecting the evidence of Johnson, in rebuttal of the defend-

ants' evidence, as to the conditional sale of the cotton. The juror being a cousin of one of the defendants, was an incompetent juror to sit on the trial of the case. As the charge of the Court, in relation to the statute of frauds, was not excepted to nor set forth in the record, we express no opinion on that question.

Let the judgment of the Court below be reversed.