THE CITY OF ATLANTA, plaintiff in error, *vs.* HENRY L. WIL-
SON, defendant in error.

Though the plaintiff's horses took fright, turned over his buggy, and
threw it down the embankment of the street upon which he was
driving, and thus he was injured, yet, if the city was negligent
in constructing the embankment, in not providing it with necessary
railing or other means of protection, and in not keeping the street
in safe condition, and such negligence was the real cause of the in-
jury, (the jury being the judge of these matters as questions of
fact,) the plaintiff has a cause of action.

Municipal corporations. Actions. Negligence. Before
Judge HILLYER. Fulton Superior Court. April Term,
1877.

Reported in the opinion.

W. T. NEWMAN, for plaintiff in error.

L. J. GLENN & SON; JNO. T. GLENN; McCAY & TRIPPE,
for defendant.

BLECKLEY, Judge.

The declaration was demurred to generally, and the de-
murrer was overruled. The question is, whether any cause
of action is set forth. The case made is this: Harris street,
one of the public streets of the city, is fifty feet wide.
Near where it crosses a branch, the city has thrown up an
embankment in the street, ten feet high and two hundred
yards long. This embankment is only thirty-five feet wide,
fifteen feet of the street being below the embankment.
The city has neglected to erect any railing or other means
of protection along the embankment, for the safety of ve-
hicles. To do this was its duty; the failure was negligence,
and such negligence caused the injury now complained of.
It was the duty of the city to keep the street in safe condi-
tion. By reason of the city's negligence and carelessness

in erecting the embankment and leaving it in the unpro-
tected condition described, the plaintiff has been damaged
the sum of ten thousand dollars, in this: on the 30th of
June, 1875, he was driving his buggy, with himself and three
small children in the same, along said street, upon the em-
bankment, when, without fault or negligence on his part,
the horses attached to the buggy became frightened at the
blowing of a steam whistle in a manufacturing establish-
ment, and made a sudden and unexpected jerk, detaching a
single-tree, (the same being in good order,) which struck
against the legs of one of the horses, causing him to turn
suddenly and upset the buggy, throwing it down the em-
bankment, and thereby dislocating the right knee of the
plaintiff, and causing other injuries to himself and his
children. The injury to the knee is permanent, has made
his leg crooked, and will cause him pain and suffering as
long as he lives. He has been subjected to great expense
and loss of time; has been compelled to pay physician's
bills to the amount of five hundred dollars; has been con-
fined to his bed for two months, and is still unable to walk
about and attend to business, and is suffering great bodily
pain. He could not prevent the fright of the horses, nor
the detaching of the single-tree.

It will be observed that the declaration alleges negligence
on the part of the defendant, specifies in what it consisted,
and avers that it caused the injury. The demurrer admits
all this to be true, as well as the nature of the injury, the
plaintiff's freedom from fault, and the fact and extent of
his damage. In Georgia, negligence is held to be a ques-
tion of fact for the jury. We have no doubt that the
declaration is sufficient in law, if the jury shall believe it
fully proved. It will be for them to decide whether the
street, under all the circumstances, was less safe than it
should have been, and whether its unsafe condition was the
real cause of the injury. The city was bound to ordinary
and reasonable diligence, and the plaintiff was entitled to

such protection as that diligence would afford—nothing more and nothing less. Negligence contributing to the injury, would render the defendant liable, but any negligence which did not harm the plaintiff, would be, as to him, as if it were not. The whole matter is for the jury, under proper instructions from the bench.

Cited for plaintiff in error: What demurrer admits, 4 *Ga.*, 520; 49 *Ib.*, 419; Code, §3332; Stephens Pl., 143; Negligence as cause of injury, Dillon on Mun. Cor., §788; 7 Gray, 100, 104; 16 Pick., 189; 4 Allen, 113; 97 Mass., 258, 266; 98 *Ib.*, 578; 106 *Ib.*, 298; 32 Maine, 46, 574; 51 *Ib.*, 127; 30 Wis., 250; 23 Barb., 643; 55 *Ga.*, 609; Whar. on Neg., §103, *et seq.*

For defendant: 2 Cush., 600; 42 N. H., 197; 25 Iowa, 108; 48 Ill., 499; 35 *Ib.*, 63; Am. Law Times, June, 1876, p. 92; Code, §§2972, 3072; 27 *Ga.*, 358.

Judgment affirmed.