## McKinney *vs.* McKinney.

1. The verdict is supported by the evidence.
2. Where one great-granddaughter of a common ancestor was the wife of a propounder of a will and codicil, and interested in the result, and another great-granddaughter of the same common ancestor was the wife of a juror, the juror was related to the wife of the propounder by affinity within the fourth degree, but was not

related to the propounder, except through the relationship of their wives. On challenge before trial, such juror would have been rejected; but in the present case, the jury having found against the codicil to the will, in which alone the wife of the propounder was interested, and she being content, no injury was done to the *caveator* by reason of the juror's having sat upon the case.

September 11, 1883.

Wills. Verdict. Jurors. Before Judge BRANHAM. Cherokee Superior Court. August Adjourned Term, 1882.

Reported in the decision.

W. H. DABNEY; E. FAW; W. J. WINN, for plaintiff in error.

PHILLIPS & SESSIONS for defendant.

BLANDFORD, Justice.

James R. McKinney propounded a paper as the last will and testament of James McKinney, deceased, and a codicil thereto, before the ordinary, and the same was appealed to the superior court; a *caveat* was filed, objecting to the probate of said will and codicil, by Lee W. McKinney, upon the grounds:

(1.) Because of the want of testamentary capacity of the testator.

.(2.) On the ground that the same was made by reason of undue influence used and exercised upon the testator.

The codicil contained a small bequest in favor of Mrs. Lena McKinney, wife of the propounder. The jury found the paper propounded to be the last will and testament of the testator, and against the paper propounded as a codicil. The *caveator* moved for a new trial, because the verdict of the jury was contrary to, and against the weight of, evidence, etc., and upon the further ground that one Freeman, a juror, who tried the case, was related to the party propounding the will within the fourth degree of affinity,

v 72-7

and was incompetent. The court refused to grant the new trial; and this is excepted to and error assigned thereon.

1. In looking through the testimony in this case, the verdict of the jury is fully sustained by the evidence submitted by the parties in this case, and there was no error in refusing the new trial on the ground that the verdict was contrary to the evidence, etc.

2. It is insisted by the plaintiff in error that Freeman, the juror, was incompetent, by reason of his relationship to the parties in this case. It appears that one Mays had born to him a son named Robert, who had a daughter named Caroline, who was the mother of the wife of the juror, Freeman. The same Mays, the ancestor, had another son named Thomas, who had a daughter named Lou, who was the mother of Lena, the wife of James R. McKinney, the propounder and legatee. The juror was related to Lena, the wife of the propounder, by affinity, within the fourth degree, but he was not related to McKinney, the propounder, except by double affinity. He would have been incompetent as a juror, had he been challenged before he was taken on the jury, but the jury found against the codicil, under which alone Mrs. Lena McKinney had any interest in this case; and if there had been no codicil, she, Mrs. Lena McKinney, would have had no interest in this case, and then there could not have been any ground upon which the juror would have been incompetent, as he was in nowise related, by consanguinity or affinity, to James R. McKinney, the propounder and legatee. The jury having found against the codicil, and Mrs. Lena McKinney being content, she is out of the litigation, and her rights, if any, foreclosed, and the propounder and caveator being satisfied with the verdict finding against the codicil, the caveator is not hurt by reason of Freeman's having been one of the jury; and the court which tried the case being satisfied to let the verdict stand; and as this court can see no good to result from a new trial in this case, none of the parties to the case being hurt on account

of the juror, Freeman, having served on the jury, the judgment of the court refusing a new trial in this case is affirmed.

Judgment affirmed.