## CROCKETT *vs.* McLendon.

1. Where one ground of a motion for new trial was that, during the trial of the case, counsel for defendant discovered that one of the counsel for plaintiff was employed upon a conditional fee, and that

his second cousin was on the jury, and immediately called the attention of the court thereto, and the facts being admitted, the court held the relationship not sufficiently close to disqualify the juror, and this ground was certified, this court could rule upon the point made without reference to affidavits used at the hearing of the motion.

(*a*.) Were the affidavits necessary, being referred to in the ground of the motion, and being indentified severally by the presiding judge and appearing copied in the record with his *imprimatur* upon them, this was sufficient, and a motion not to consider this ground will be denied.

2. A second cousin of an attorney for the plaintiff, who has a fee conditional on recovery, is not a competent juror.   60 *Ga.*, 193 ; 63 *Id.*, 682 ; 65 *Id.*, 304 ; 71 *Id.*, 818 ; 72 *Id.*, 80.

3. No binding release by counsel for the plaintiff is shown, and the affidavit of the juror that he did not know of the contingent fee of his cousin, is sufficiently rebutted by the open announcement before the court, and the ruling thereon by the court in the presence of all the jury and directly affecting this juror. He was not purged of suspicion.   71 *Ga.*, 818.

(*a*.) It was sufficient to call the attention of the court to the disqualification of the juror ; it was unnecessary to make a motion, in order to invoke the ruling of the court.

Judgment reversed.

April 25, 1884

JACKSON, Chief Justice.

[L. T. D. McLendon brought an action for damages against John S. Crockett for malicious arrest without probable cause, and recovered a verdict for $1,000.00.   Defendant moved for a new trial on several grounds, which were approved by the court, the only one of which material to be set out is the fifth, which was as follows :

" Pending the trial of the case, movant and his sole attorney, John L. Doyal, Esq., learned that W. T. McMullen, a juror empanelled to try said case, was a second cousin to G. D. Stewart, Esq., one of the counsel for the plaintiff, and that the fee of the said G. D. Stewart, Esq., was partially contingent, dependent upon and out of the recovery in said suit.   So soon as movant and his counsel received [this] information, counsel for movant called attention of the

court to the information, and that it had just then come to their knowledge. It was thereupon conceded by counsel for plaintiff that G. D. Stewart, Esq., was second cousin to W. T. McMullen, the juror; that G. D. Stewart was first cousin to the (juror's) mother, and that the fee of the said G. D. Stewart in the case was conditional, dependent upon recovery. The court ruled and decided that the relationship was not near enough to disqualify the juror, and ordered the case to proceed; in which ruling and decision the court committed error." The court added to this ground the following note: "In reference to the fifth ground, the relationship between the juror and the counsel was this : The juror's mother was first cousin to G. D. Stewart, the counsel in the case."

In support of this ground of the motion, the affidavit of the movant and of John L. Doyal, Esq., were used on the hearing. Counsel for plaintiff made a counter-showing, and introduced the affidavit of the juror attacked, to the effect that he did not know or hear anything about the conditional fee of Mr. Stewart until after the trial; that it could not and did not influence him; and that he was one of the last persons on the jury who expressed his opinion as to whether plaintiff should recover. Plaintiff also used the following agreement:

"Upon objections being made, that one of the jurors empanelled to try the case is related to Col. Geo. D. Stewart, one of the attorneys for plaintiff, and that said attorney has a contingent fee in this case, it is admitted by counsel for plaintiff, Geo. D. Stewart, one of the plaintiff's attorneys, is the first cousin to the mother of William McMullen, one of the jurors, and that he has contracted for a contingent fee in this case. Mr. Stewart released the plaintiff from any interest in this recovery, and this was stated in open court."

To this the court added the following note:

"This agreement was read, on the motion for new trial, and is ordered filed with the same. Neither Crockett nor his counsel consented that Stewart might release his client from payment of the contingent fee. This offer was not made within the hearing of the jury. The statement was made by G. D. Stewart in the presence of the jury, that his fee was partially conditional."

Copies of the affidavits used on the hearing of the motion for new trial came up in the record. That of Crockett and Doyal appears between the approval of the grounds of the motion and the rule *nisi*, as though it had been attached to the motion for new trial; the others followed the motion in the record, and on each appears (by copy) the signature of the judge and an order to file it; and each was filed.

The motion was overruled, and defendant excepted.

When the case was called, counsel for defendant in error moved to dismiss it, or at least to disregard this ground, because the affidavits, etc., used in connection with it formed no part of the record, and could not be sent up therein or identified by copied signatures of the judge, but should have been brought up in the bill of exceptions; citing 70 *Ga.*, 730, and *McDonald vs. State*, 72 Ga., 55. The motion was overruled.]