THE WESTERN AND ATLANTIC RAILROAD *vs.* THE CITY OF ATLANTA.

[This case was argued at the last term and the decision reserved. Jackson, Chief Justice, being disqualified, Judge Stewart, of the Flint circuit, presided in his stead.]

1. The duties required of railroad companies by the provisions of sections 706 and 707 of the Code of this state apply to streets as well as public and private road crossings; and to give said sections in charge to the jury in this case was not error.

2. A municipal corporation having the care and control of the streets is bound to see that they are kept safe for the passage of persons and property. If this duty should be neglected, and one should be injured on account of such neglect, the corporation will be liable for the damages sustained.

3. A municipal corporation has a remedy over against a private party, or railroad company, who has so used the streets as to pro-

duce an injury, unless the municipal corporation concurred in the wrong.

4. In a suit brought by a municipal corporation to recover a sum of money as damages, which the corporation has been compelled by suit to pay to one who has been injured by a defect in the streets, and which injury occurred on a railroad crossing, the record of the former suit is admissible evidence, if the railroad company had notice of the pendency of the former suit, and was requested by the municipal corporation to come forward and defend the same.

(*a.*) A judgment obtained by an injured party against the city, notice having been given to the railroad company, would be conclusive as between the city and the railroad company as to the right of the injured party to recover, and as to the amount which might be recovered by the city against the railroad company. But such judgment would only be *prima facie* true that a recovery could be had against the railroad company for negligent conduct of its agents and employés.

5. In an action brought by a municipal corporation against a railroad company to recover back the damages it has been compelled to pay for its assumed neglect, it is competent for the defendant to show that it was under no obligation to keep the streets in safe condition, and that it was not through its default that the accident happened.

6. In such a case, if it appears that there was fault, both on the part of the corporation and the railroad company, the former cannot recover, for the reason that one of two joint wrong-doers cannot have contribution from the other.

March 30, 1885. (Head-notes by the court.)

Municipal Corporations. Railroads. Damages. Streets. Roads and Bridges. Evidence. Judgments. Charge of Court. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

Reported in the decision.

JULIUS L. BROWN; W. D. ELLIS, for plaintiff in error.

W. T. NEWMAN; E. A. ANGIER, for defendant.

STEWART, Judge.

On the 27th day of December, 1882, the city of Atlanta brought suit against the Western and Atlantic Railroad

Company, in which suit it was alleged that Foundry street, of said city, crosses the track of the Western and Atlantic Railroad Company, and that said railroad company, on the 20th day of February, 1881, negligently and wrongfully allowed a pair of steps joining a part of Foundry street, where said street crosses the right-of-way of said railroad company, to be out of repair and in a defective and dangerous condition; that Ransom Montgomery, whilst passing along said street and down said steps, on the 12th day of February, 1881, fell and was seriously injured, breaking his right ankle and three ribs, on account of which injuries he was confined to his room many days and suffered great pain; that said Montgomery brought suit in Fulton superior court against the city of Atlanta, and on the 3d day of May, 1882, recovered a judgment against the city for $629.00, with cost, which judgment the city has had to pay. It was further alleged that, whilst the city of Atlanta was primarily liable to said Montgomery, the railroad company was liable over to the city, for the amount which the city had to pay.

On the trial of the case thus brought by the city of Atlanta, the record of the suit of Montgomery *vs.* The City was introduced in evidence, together with a notice given by the city to the railroad company, before the trial of the case, requesting the railroad company to come forward and defend the suit. The city, on the 19th of May, 1884, recovered a judgment against the railroad company for $629.00, with cost, being the amount of Montgomery's judgment against the city. The railroad company made a motion for a new trial, on various grounds, as set forth in said motion. The motion for new trial was heard by Judge Hammond, and a new trial refused. The decision refusing a new trial was excepted to, and the same is now before this court for review.

From the record it will be seen that the railroad company did not appear and defend the suit of Montgomery,

although notified so to do by the city before the trial of the case.

1, 2, 3, 4. The first assignment of error, which we deem proper for consideration, was an objection made by counsel of the railroad company, that the court committed error in admitting in evidence the record of the suit which Ransom Montgomery brought against the city of Atlanta. We hold that the court did not err in ruling that said record was admissible evidence.

Counsel for the railroad company insisted that the railroad was not a party to the suit of Ransom Montgomery vs. The City. In cases of this character, where it is sought by a municipal corporation to recover damages which the corporation has been compelled to pay, on account of the negligent conduct of those who have used the streets, to-wit, the railroad company in this case, after notice, as was given by the city in this case, the record of the former suit was admissible evidence. The railroad company was a party in such manner as to make the record admissible evidence. See 2 Black U. S. Rep., page 418, and 4 Wallace, 657. The same rule which would admit the record of the suit of said Montgomery in evidence, would also make the notice which the city gave the railroad company admissible in evidence, and the court did not commit error in allowing the same to be introduced in evidence, on the trial of the case.

The sixth, seventh, eighth and ninth assignments of error made by attorneys of the railroad company were objections to the rulings of the court.

Counsel for the railroad company offered to show by evidence the condition of the steps where said Montgomery was injured, and desired the witnesses to state whether or not said Ransom Montgomery, by the exercise of reasonable care and caution, could have avoided the injuries which he received. This evidence the court, on objection, ruled out, which ruling of the court was not error. In the case between Ransom Montgomery and the city of

Atlanta, the right of said Montgomery to recover, and the question of his negligence or want of care, had been passed upon and settled; and both the city and the railroad company were concluded by that verdict, and should not now be heard to say that Montgomery, by the exercise of reasonable care and caution, could have avoided the injuries which he received.

By the tenth assignment of error, counsel for the railroad company insisted that the court committed error in giving in charge to the jury sections 706 and 707 of the Code of this state.

We hold that the charge of the court was proper. If railroad companies are required by law, as well as by public policy, to keep in good order, at their own expense, public roads and private ways, where the same cross the right-of-way of the various railroads of this state, much stronger should be the reason for keeping in proper order and repair street crossings in cities and towns, which are likely to be thronged with persons, and are frequently used in transporting both persons and property. If not by terms, the spirit of the sections would include street crossings, and the interest and safety of human life and protection to property both demand that railroad companies be held to a strict observance of the law contained in said sections.

Before considering and passing upon the eleventh assignment of error made by the counsel for the railroad company, on the questions made as to the liability of the railroad company to the city, and the liability of the city for injuries occurring in the streets, or such portions of the streets as are included in the rights-of-way of railroad companies, we hold:

First. That a municipal corporation, having the care and control of the streets, is bound to see that they are kept safe for the passage of persons and property. If this duty be neglected, and one should be injured on account of

such neglect, the corporation will be liable for damages thus sustained.

Second. If the injury should occur in a street and on account of defects in the same, and if the street, at the point where the injury occurred, was used as a right-of-way of a railroad company, in such case, the municipal corporation would have a remedy over against the railroad company for the amount which it had been compelled to pay, provided it be shown that the injury resulted from the negligent conduct of the agents of the railroad company: In such case, the railroad company would be allowed to show that it was under no obligation to keep the street in safe condition where the injury occurred, or that it was not the fault of the railroad company that the accident happened, or that both the agents of the railroad company and municipal corporation were at fault.

Third. That a judgment obtained against a municipal corporation for injuries received on account of defects in a street caused by third persons would, in a suit by such corporation, brought to recover back what it had been compelled to pay, be conclusive as to the right of the injured party to recover, and as to the amount which the municipal corporation would be entitled to recover. But the party against whom the municipal corporation might seek to recover would be entitled to show that it was under no obligation to keep the street in safe condition, or that it was not in fault, or that the accident was caused by the negligent conduct of both parties, in which event no recovery could be had, for the reason that one of two joint wrong-doers cannot have contribution from the other.

In this case, it is shown by the evidence that Ransom Montgomery was injured in Foundry street, on account of a defect in the same, for which injuries the city of Atlanta has been compelled to pay damages; and it appearing by the evidence that Foundry street, where the accident occurred, is a part of the right-of-way of the Western and Atlantic Railroad Company, or if not actually a part of

said right-of-way, yet is joined to or connected therewith, these facts being true, give to the city of Atlanta a right of action against the railroad company, and the judgment of Montgomery against the city of Atlanta would establish a *prima facie* case against the railroad company; and while the railroad company would be estopped from denying the right of Montgomery to recover, yet it might show, by way of defence, that it was under no obligations to keep the street in repair at the point where the accident occurred, or that it was not the fault of the railroad company that the accident happened, or that both the municipal corporation and the railroad company were at fault. As against these matters of defence, we hold that the judgment of Montgomery is only presumptively true.

5. In considering assignments of error, as contained in Nos. 11, 12 and 13, we find the court charged as follows: "You will look to the evidence in this case and ascertain from that, in the first place, whether the city was liable or had to pay Ransom Montgomery for the injuries sustained by him, you look to the declaration that Ransom Montgomery filed in his former case that has been introduced in evidence here against the city of Atlanta, in which he charges that the city of Atlanta is liable to him by reason of certain defects in Foundry street, in the city of Atlanta, at the railroad crossing, and if you first find from the evidence that he was injured at that place, and that the place where he was injured was on the right-of-way of the Western and Atlantic Railroad Company, or that it was so near thereto that it was necessary for the company to keep it in order so that travelers might get on and off the crossing safely and conveniently, and that thereby the railroad company was bound to keep it in proper repair. The railroad company would be liable for any damages that the city had to pay Ransom Montgomery by reason of the injuries sustained at that point."

The court also charged as follows: "You will ascertain

from the evidence, in the first place, whether or not Ransom Montgomery was injured, and if he was, whether he recovered from the city for that injury. You are to determine that from the declaration, the original declaration in the former case that has been introduced in evidence; and if he recovered against the city for that injury, then you will ascertain whether or not the place where he was injured was on the right of way of the Western and Atlantic Railroad Company, or so near thereto as to make the road bound to keep it in repair in order for travelers to get off and on the right-of-way with safety, and whether or not, by reason of those facts, the road was bound to keep it in proper repair. If you find that the road was, and if you find further that during the pendency of that suit, before its final termination, the city authorities gave notice to the authorities of the Western and Atlantic Railroad Company of the pendency of the suit, and if the notice was accompanied by an offer, on the part of the city, to allow the authorities of the Western and Atlantic Railroad Company to come in and assist in the defence of that suit, and the authorities of the road refused to have anything to do with the suit, or to come in and defend, why, then the Western and Atlantic Railroad Company would be bound for the recovery that was had against the city in that case."

In view of the legal propositions which we have laid down in this case, we hold that the foregoing charge of the court was substantially correct, except that the jury might have been lead to believe that the record of the case of Montgomery against the city of Atlanta was conclusive against the railroad company for all purposes. We hold that the charge should have been more restrictive, and that the jury should have been informed for what purpose and to what extent the judgment in favor of Montgomery was conclusive, and the jury should have been informed as to the nature of the defences which the railroad was allowed to set up as against the former judg-

ment; and for a failure thus to charge, a new trial is hereby granted.

Authorities relied on by counsel of plaintiff in error: Code, §§2897, 3577, 3826.

As to conclusiveness of judgment, also 12 *Ga.*, 271; 29 *Id.*, 255; 23 *Id.*, 418; 13 *Id.*, 269; 58 *Id.*, 59; 25 *Id.*, 556; 16 *Id.*, 494; 25 *Id.*, 193; 54 *Id*, 597; Code, §3638.

As to notice to the railroad to defend, 11 *Ga.*, 265; 30 *Id.*, 696, 700; 36 *Id.*, 257; 49 *Id.*, 47; 61 *Id.*, 64; 63 *Id.*, 163; 68 *Id.*, 518

No suit against railroad, Code, §§3332, 3339, 3334, 3338, 3457, 3480, 3360; Woods Inst., 255; 29 *Ga.*, 255; 54 *Id.*, 597.

Duty of city as to streets, 59 *Ga.*, 544; 49 *Id.*, 316; 38 *Id.*, 546; 39 *Id.*, 725; 68 *Id.*, 834; 64 *Id.*, 447.

Brief of counsel for defendant in error: 2 Black, 418; 4 Wallace, 657; Dillon on M. C., 1035, 1037; Harman on Estop., 4654; 3 Tenn. R., 374; Prince on R. R., 249, 294; Redfield, do., 1 v., 562; Code, §§706, 707; 23 Pick., pp. 23, 31; 3 Hun. (N. Y.), 508; 11 R. I., 98; 122 Mass., 100.

Judgment reversed.