FAITH *vs.* THE CITY OF ATLANTA.

1. Where an action was brought against a city to recover for personal injuries resulting from an excavation in a street adjacent to a building, and negligently and carelessly left open by the owner thereof; and where the city notified the person to whom the building belonged, and who left the excavation open, of the pendency of the suit, after a recovery against it, the city could maintain an action against him to reimburse itself. In such a suit, the former judgment would be conclusive between the city and him as to the right of the party injured to recover, and as to the amount which might be recovered against him. He could defend such a suit only by showing that he was under no obligation to keep that portion of the street in safe condition, and that it was not through his default that the injury happened; or, if it appeared that there was fault, both on his part and on that of the city, no recovery could be had against him at the instance of the latter.

2. Where the judgment against the city in favor of the original plaintiff had been paid off, the husband of such original plaintiff was not an incompetent juror on the trial of the case brought by the city to reimburse itself.

3. The verdict is not only sustained, but required, by the evidence.

March 15, 1887.

Municipal Corporations. Actions. Streets and Side-

walks.   Jury and Jurors.   Before Judge VAN EPPS.   City Court of Atlanta.   September Term, 1886.

Reported in the decision.

HOWELL C. ERWIN, for plaintiff in error.

J. B. GOODWIN, for defendant.

HALL, Justice.

The City of Atlanta brought suit against Faith to recover from him the amount of damages they were compelled to pay in a suit brought against them by one Matilda Dorsey, for injuries sustained by her in consequence of excavations made by him in one of the public streets of the city, adjacent to a building belonging to him, and negligently and carelessly left open by him.   He had notice of this suit against the city, and appeared and testified therein at the instance of the city.   The verdict in the present action was in favor of the city for the amount of damages Matilda Dorsey had recovered against it in the former action, of which Faith had been notified, and in which he was required to appear and defend.

1. The right of the city to maintain this action against Faith was sustained in *Western and Atlantic Railroad vs. City of Atlanta*, 74 *Ga.* 774; and the conditions upon which the original wrong-doer may be liable over to the city, were set forth in that judgment.

If, as cannot be questioned here, he had notice of the pendency of the suit against the city, and was requested to come forward and defend the same, the judgment of the injured party against the city would be conclusive between the city and him, as to the right of the party injured to recover, and as to the amount which might be recovered against him.   He could only defend this suit by showing that he was under no obligation to keep that portion of the streets in safe condition, and that it was not through his

default that the injury happened, or if it appeared in the case that there was fault, both on his part and that of the city, no recovery could be had against him at the instance of the latter.

2. The husband of the party who brought the suit against the city was one of the panel from which the jury to try this case was to be selected. He was objected to by the defendant, on the ground that his wife would be a witness in the case, and that he was for that reason incompetent to try the issues in the suit between Faith and the city. The court held him competent; and the defendant, Faith, thereupon struck him, together with five others, from the panel, in selecting the jury to pass upon the questions. It appeared that the judgment in favor of Matilda Dorsey had been paid by the city, and we have seen that the judgment in her favor concluded any question as to her negligence in bringing about or contributing to the injury which she had suffered, and on account of which she had recovered the verdict against the city. The juror was not incompetent by reason of his relation to any of the parties in the present suit. If he had any bias or prejudice, he might have been put upon the court as a trior, and upon that fact being made to appear, he would have been liable to objection on that ground; but no such proceeding seems to have been taken. There was, therefore, no error in holding him competent to pass upon the rights of the parties; and this exception to the decision of the court below must be overruled.

3. The verdict is not only sustained, but imperatively required by the evidence. So far as the other grounds of the motion were verified by the presiding judge, there is nothing in them requiring further or more particular notice at our hands.

Authorities cited for the plaintiff in error: 4 Carrington & Payne, 506; 74 *Ga.* 775, 469; 56 *Ga.* 540; 47 *Ga.* 540; 60 *Ga.* 550; 63 *Ga.* 685; 73 *Ga.* 85, 713; 71 *Ga.* 849; 25 *Ga.* 596; Code, §3248; 30 *Ga.* 323; 70 *Ga.* 449; 71 *Ga.* 464.

Authorities cited for the defendant in error: 74 *Ga.* 774, 777; 2 Black (U. S.) Rep. 418; 4 Wall. 657; 2 Dillon Mun. Corp. §1035, and note 1, page 1063, citing Robbins *vs.* Chicago; 60 *Ga.* 520, 521, 551; 73 *Ga.* 85, 713; 63 *Ga.* 173, 179, 180, 682, 683; 71 *Ga.* 818, 847, 848; 72 *Ga.* 80; 47 *Ga.* 538; 15 *Ga.* 39, 73; 74 *Ga.* 774, 777; Note to §3947, Code of Ga., citing Wharton's Evidence, §602; 46 *Ga.* 80, 87, 88; 63 *Ga.* 179, 180, 682, 683; 2 Cooley's Blackstone, 361, 363; 1 Rapalje & Lawrence's Law Dic. 191; 36 *Ga.* 380; Code, §4997.

Judgment affirmed.