## 11976.  COBB COUNTY v. ABERNATHY.

1. It appearing from  the petition that the plaintiff's mule, in crossing a bridge on a public highway, took fright at a hole in the bottom of the bridge and " jumped and shied and fell down upon said bridge," causing injuries to the plaintiff, who was riding the mule, and that the county was negligent in permitting the hole to remain in the bridge after notice, and that such negligence was the real cause of the injury, a cause of action was stated; the jury being the judges of these matters as questions of fact.

2. Where two causes combine to produce an injury, both of which are in their nature proximate, the one being a defect in a bridge or public highway, for which the county is responsible, and the other the fright of a horse caused by the defect, for which neither party is responsible, the county is liable, provided the injury would not have been sustained but for the defect in the highway.

DECIDED MARCH 26, 1921.

Action for damages; from Cobb superior court — Judge Searcy presiding.  November 3, 1920.

This was a suit for personal injuries caused by negligence on the part of the county, in regard to the defective condition of a county bridge which was a part of a public highway.  The allegations in the petition, in substance, make the following case: A hole about fourteen inches in circumference and about the middle of the bridge had been permitted by the county to remain in the bridge after the county had actual and constructive notice of the existence of the hole, and this negligence of the county was the direct and proximate cause of the plaintiff's injuries, it being alleged that while the plaintiff was riding his mule over the bridge it became frightened at the hole, and jumped and shied and fell down upon the bridge, falling on the plaintiff and causing injuries to him, particularly described.  It is alleged that by reason of the injuries so received the plaintiff was damaged in the sum of $2,000; that his earnings, prior to his injury, had amounted to about $1,500 per year; that by reason of his injuries so received he had been unable to cultivate his crop during the year and was forced and obliged to neglect his business, and that he had undergone great pain and suffering.  The defendant demurred generally on the ground that the allegations did not show any negligence on the part of the defendant which was the proximate cause of injury to

the plaintiff; and demurred specially on the ground that the allegations as to the extent of the injury and the amount of the damages were too indefinite and uncertain to be the basis of a recovery. The demurrer was overruled and the defendant excepted.

*N. A. Morris, Harold Hawkins,* for plaintiff in error.

· *Abbott & Wallace,* contra.

HILL, J. (After stating the foregoing facts.) . The case is controlled by the rulings of this court in two decisions: *Southern Ry. Co.* v. *Tankersley,* 3 *Ga. App.* 551 (60 S. E. 297), and *Smith* v. *County of Jasper,* 9 *Ga. App.* 667 (72 S. E. 65). In the first of these cases a mule was frightened by the approach of a train to a public crossing and ran away and injured the driver, and it was held that the proximate cause of the injury was the negligent running of the train in approaching the crossing, and not the fright of the mule; that the efficient human agency which frightened the mule was the negligent conduct of those in charge of the defendant's train in approaching the crossing. It has been repeatedly held by the Supreme Court that the negligent running of a train in approaching a public crossing was the proximate cause of an injury received by one at or near the crossing, although the actual injury may have been due to the horse or mule, because of fright caused by the running of the train. In the second case the plaintiff's petition set forth that the plaintiff's mule became frightened · at a large hole at the bottom of a bridge, of which the county had notice, actual or constructive, and backed the buggy off the bridge, which was without guard-rails or protection of any kind, thereby injuring the mule and buggy, the plaintiff himself being without fault, and it was held that the petition set forth a cause of action, and that the trial court erred in dismissing it on general demurrer

An attempt is made by counsel for the plaintiff in error to distinguish the present case from these two cases on the facts, it being alleged that in the second case cited the proximate cause of the injury was not the hole in the bridge but the negligent omission by the county in not having guard-rails or protection of any kind on the bridge so as to protect travelers from

the consequences of the fright of a horse. We do not think there is any difference in the principle applicable to the facts. We think it clear that the fright of this horse was a natural result of the negligent conduct of the county authorities in permitting the hole to remain in the bottom of the bridge, a result that should have been expected in view of the well-known habits of such animals; in other words, that the efficient cause of the injury to the plaintiff was the hole in the bottom of the bridge, and not the fright of the mule and, as a consequence of such fright, the falling of the mule upon the plaintiff, although the latter may have been the immediate cause. Frequently the efficient cause is not the immediate cause. In this connection the Supreme Court used the following apt language: " Experience teaches us that it is quite common for horses and mules traveling the public roads to become frightened at trivial objects, and it is not a very unusual occurrence for these animals to behave as the plaintiff's did in the present instance. " *Georgia R. Co.* v. *Mayo,* 92 *Ga.* 225 (17 S. E. 1001). In that case a new plank had been put in the bottom of the bridge, at which the mule became frightened while crossing and backed the buggy off the bridge, causing serious physical injuries to the plaintiff. It is clear that these facts are sufficient to sustain a judgment of the court below overruling the general demurrer.

Another principle of law which is well settled we think is applicable. Where two causes combine to produce the injury, both of which are in their nature proximate, the one being a defect in the highway, for which the county would be liable, and the other the running away of the horse, or the fright of the horse or mule, for which neither party is responsible, the county would be responsible, provided the injury would not have been sustained but for the defect in the bridge or highway. While in such case neither the running away of the horse nor the defect in the bridge alone may have been sufficient to produce the injury, but it may have been produced by a combination of both, both of these causes in combination become the efficient, proximate cause of the injury. The causal relation would be direct between the defective bridge, occasioned by the negligence or omission of duty by the defendant, and the injury to the plain-

tiff, without any intervening efficient cause. *City of Atlanta* v. *Wilson*, 59 *Ga.* 544 (27 Am. Rep. 396); 22 R. C. L. 200, § 83. Certainly the trial judge committed no error in leaving the question of proximate cause to be solved by the jury, for the question is not one of science or of legal knowledge, but a conclusion as to the facts, in view of all the circumstances in each particular case. The special demurrer, upon the ground that the statement by the plaintiff of his injuries was too indefinite and uncertain to be the basis of any recovery, is without merit.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*