## 27975. GOODMAN *v.* FAYETTE COUNTY.

DECIDED FEBRUARY 22, 1940.

*H. A. Allen,* for plaintiff.

*J. W. Culpepper, Lamar Murdaugh, D. C. Chalker, C. E. Jackson,* for defendant.

GUERRY, J. Exceptions are taken to the sustaining of the general demurrer to the petition. Mrs. J. T. Goodman sued Fayette County for damages alleged to have resulted by reason of the defective condition of a bridge, in that the county had failed to erect guard rails on the embankment or causeway forming the approach to the bridge; it being alleged that as a result thereof the plaintiff's son drove his car off the embankment and was killed. The petition alleged that the deceased was traveling from east to west approaching said bridge on a slight (mystifying) curve, and was on said embankment when the car "went off said fill, embankment, or approach on the left or south side thereof." No reason is alleged why the deceased left his right side of the road and drove across the road to the left, and then off the fill or embankment on the left. The defendant is alleged to have been negligent in failing to have a guard rail on the left side of the road. Granting this to be true, can it be said that such negligence was the proximate cause of the injury?

The question as to what is the proximate cause of an injury is ordinarily one for the jury alone and only in plain and palpable cases may the court pass upon the question. In support of his position counsel for plaintiff cites *City of Atlanta* v. *Wilson,* 59 *Ga.* 544 (27 Am. R. 396), where there was no guard rail on an embankment and the plaintiff's horse took fright and turned his buggy down the embankment. In such circumstances it became a jury question as to whether the horse's taking fright or the lack of a guard rail was the proximate cause, the plaintiff not being responsible for either. See also *City Council of Augusta* v. *Hudson,* 94 *Ga.* 135 (21 S. E. 289). In each of these cases the plaintiff's negligence did not contribute to cause the fright of the animal. In *Wilson* v. *Atlanta,* 63 *Ga.* 291, 295, which was the same case as *City*

*of Atlanta* v. *Wilson,* supra, it was also said: "There can be no doubt that while the city was bound to observe its own proper measure of diligence, yet, if it failed, and the plaintiff could nevertheless have avoided the consequences by using ordinary diligence on his part, and he likewise failed, he can not recover." In *Cobb County* v. *Abernathy,* 26 *Ga. App.* 569, 571 (106 S. E. 613), the distinction is further shown where it is said: "Where two causes combine to produce the injury, both of which are in their nature proximate, the one being a defect in the highway, for which the county would be liable, and the other the running away of the horse, or the fright of the horse or mule, *for which neither party is responsible, the county would be responsible,* provided the injury would not have been sustained but for the defect in the bridge or highway." (Italics ours.)

Under the allegations here the deceased was driving and in control of his car. Code, § 68-303 (e), requires that "An operator in rounding curves shall reduce speed and shall keep his vehicle as far to the right on the highway as reasonably possible." No reason is alleged as to why the deceased violated this rule of the road, nor is any reason assigned as to why he drove to the left of the road. In the cases cited above the horse or mule became frightened through no fault of the plaintiff or driver. A different case would have been presented had the plaintiffs in those cases caused the horses to become frightened and run off the embankments. The petition itself alleges negligence on the plaintiff's part, without which the injury would not have occurred, although the defendant may have been negligent. In such a case Code, § 105-603, applies, it being apparent that except for the negligence of the plaintiff the defendant's negligence would not have caused the injury. Although the petition here alleges that the deceased was in the exercise of ordinary care, the pleaded facts show otherwise; and in such a case the conclusion stated must give way to the pleaded facts. *Moore* v. *Seaboard Air-Line Railway Co.,* 30 *Ga. App.* 466 (4) (118 S. E. 471). The court did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*