## HINTON *v.* BREWER.

One who, after suing out a commission of lunacy, voluntarily dismisses the proceeding is not compelled to pay the costs which have accrued therein, as a condition precedent to instituting a second proceeding of the same character, relative to the same person and involving the same questions which were presented by the first.

Submitted June 11,—Decided August 10, 1907.

Petition for certiorari. Before Judge Holden. Elbert superior court. November 24, 1906.

*Z. B. Rogers* and *P. P. Proffitt,* for plaintiff in error.

FISH, C. J. The sole question presented by the record in this case is, whether the costs of a former proceeding to obtain an adjudication that a person is of unsound mind, and the appointment

of a guardian for such person, must be paid by the petitioner in such proceeding, as a condition precedent to his instituting a second proceeding for the same purposes. Under the provisions of the Civil Code, §5043, a plaintiff can not recommence his suit where it has been nonsuited, dismissed, or discontinued, without the prepayment of the costs already incurred. Is a proceeding for a commission of lunacy a suit within the meaning of the provisions of that section? In our opinion, it is not. A proceeding for a commission of lunacy is begun in the interest of the public and the person alleged to be of unsound mind; and if voluntarily discontinued, costs should not be imposed upon the petitioner, if the proceeding was instituted in good faith. We quote from 22 Cyc. 1137: "In the absence of statutory regulation, the matter of the allowance of costs in original lunacy proceedings rests in the equitable discretion of the court having jurisdiction, and the same rule obtains in respect of costs upon a traverse or supersedeas of the inquisition. Where there is a finding of insanity, the costs of the inquiry are ordinarily to be paid by the insane person or his estate, it being considered that these are in the nature of necessary expenses incurred for the benefit of the party and for which he or his estate is impliedly bound. Where the proceedings result in a finding of sanity, costs will not be allowed as of course against the prosecutor, if the proceedings were commenced in good faith and for the supposed benefit of the alleged lunatic; but where proceedings are promoted without probable cause, or maliciously, the prosecutor will be held liable for costs." Civil Code, §2583, provides: "It shall be the duty of each ordinary of this State to draw his warrant upon the treasurer of his county for such sum or sums as shall be actually necessary or requisite to defray the expenses of trying every commission of lunacy, and of carrying or conveying an insane person from such county to the State Lunatic Asylum, when such insane person shall be lawfully committed to such Asylum: *Provided,* that no money shall be drawn from the county treasury for the purposes herein set forth, where the estate of such insane person is sufficient to defray such expenses." It would seem, from the language of this section, that the costs of trying commissions of lunacy should be paid out of the treasury of the county, except where the person as to whom such proceeding is had is found to be insane and his

estate is sufficient to defray such expenses. But whether or not this be a proper construction of this section, or whether the petitioner for a commission of lunacy is, under given circumstances, liable for the costs of the proceeding, we hold that he is not bound to pay the costs of such a proceeding, voluntarily dismissed by him, as a condition precedent to the institution of a second proceeding of like character against the same person whose mental condition was the subject for inquiry in the first.

*Judgment affirmed. All the Justices concur.*