On December 23d 1922, a deed was executed by Abraham Dessen, Benny Cohen and Morris Rutberg, trading as Penn Coal Company, and Ida Dessen, wife of Abraham Dessen; Lena Cohen, wife of Benny Cohen, and Minnie Rutberg, wife of Morris Rutberg, to one Harry Greenberg, conveying for a valuable consideration an undivided one-fourth interest in certain lands and premises in Atlantic City.
This deed was signed by all the grantors, and a certificate of acknowledgment attached thereto by Maurice M. Dessen, a notary public of the commonwealth of Pennsylvania, certifying —
"that on this 23rd day of December in the year of our Lord one thousand nine hundred and twenty-two, before me, a notary public *Page 667 
for the commonwealth of Pennsylvania, residing in the city of Philadelphia, personally appeared Abraham Dessen and Ida, his wife; Benny Cohen and Lena, his wife; Morris Rutberg and Minnie, his wife, who, I am satisfied are the grantors mentioned in the above deed or conveyance, and I having first made known to them the contents thereof they acknowledged that they signed, sealed and delivered the same as their voluntary act and deed. All of which is hereby certified."
Attached thereto was the certificate of the prothonotary of the courts of common pleas of the county of Philadelphia and State of Pennsylvania in due form in conformity with the provisions of section 23 of an act respecting conveyances (Revision of 1898).2 Comp. Stat. p. 1543; as amended, 1 Cum. Supp. Stat. p. 629.
The notary failed to make statement of the venue — city of Philadelphia and State of Pennsylvania.
The deed was presented and duly recorded in the clerk's office of Atlantic county on the 12th day of January, 1923, in book No. 696 of deeds, pages 455, c.
The original bill alleges that the deed was lost, and prays that the defendants be required to re-execute, and that the alleged mistake be corrected.
At the hearing of the cause the defendants produced said recorded deed, it with a blank deed in like form having been previously mailed to them. An amended bill was then filed praying "that defendants be decreed to have no right, title, interest or estate in above premises, and the estate of complainant therein be confirmed and established as a good and valuable estate in fee-simple."
Abraham Dessen and his wife have executed the new deed. Benny Cohen and Lena, his wife; Morris Rutberg and Minnie, his wife, refuse to do so.
The complainant has paid the full consideration, and the refusal of the four grantors to execute the new deed arises because of a dispute between them and Dessen as to the distribution of the consideration.
The defendants Cohens and Rutbergs insist that Minnie Rutberg and Lena Cohen never acknowledged said deed, and that the certificate of the notary in this respect is false. *Page 668 
If this be true, the deed is, so far as they are concerned, invalid. Section 39, "Act respecting conveyances." Supra.
It was suggested that the notary could correct the omission in his certificate by filling in the venue. Not so.
The notary has certified the acknowledgment to the deed, and it has passed from his custody, his powers are exhausted, and, in the absence of statutory authority, he cannot thereafter correct the certificate, or make a new one without a re-acknowledgment by the grantor. Potter v. Steer, 95 N.J. Eq. 102.
The notary, now a member of the bar of Pennsylvania, asserts that the acknowledgment was taken in due form, and details his calls upon the two women. In this he is corroborated, to some extent, at least, by his father, one of the grantors.
I am convinced that some one or more witnesses are deliberately misstating the facts. This appeared to be so clear to me that I continued the case in order that all proof possible should be presented. This continued hearing did not clarify the situation.
The acknowledgment of these women, if taken at all, was taken in Philadelphia, where the notary public was authorized to take such acknowledgment.
A certificate of acknowledgment attached to a deed is onlyprima facie evidence of its contents, but to establish its untruth and overcome the strong presumption of its integrity the proof must be clear, satisfying and convincing. Potter v.Steer, supra.
Applying this rule, I am satisfied the complainant is entitled to the relief prayed for. *Page 669