Mrs. Woods having filed a petition for a commission in the nature of a writ de lunatico inquirendo concerning her mother, Mary Rhodes, a commission was issued in the usual form to three commissioners named therein, who by proper precept required the sheriff of Atlantic county to summon twelve jurors to inquire into the lunacy of Mary Rhodes, the subject of the inquisition. The jury disagreed, nine jurors agreeing upon a verdict of lunacy, and three refusing to sign the verdict. In this posture I directed the issuance of a alias commission, and in order the better to have a finding by a jury instead of another abortive trial of the issue, I made an order directing the commissioners to issue the precept to a master and to require him to summon twenty-one instead of twelve jurors. And this may be done, notwithstanding the act of March 23d 1887 (Comp. Stat. p. 2784
§ 3), which does not require the summoning of twelve jurors only but is permissive in that respect. And this does not give the sheriff any option; that is exercised in the order of the court on precept for the jury. Formerly twenty-four jurors were *Page 372 
summoned in lunacy proceedings. Any number of jurors may be summoned between twelve and twenty-four in number, certainly, if the court so orders; and a verdict found by twelve only is good.In re Frankish, 86 N.J. Eq. 280, 282, and cases cited. And it is lawful to order the precept sent to a master in chancery instead of to the sheriff.
In England, on inquisition or inquest of office issued to commissioners, sheriff, coroner or escheator, a jury of twelve, or more or less men, were summoned. 3 Bl. Com. 258. And this applies to idiots. Ibid.
Our Jury act provides that the venire shall go to the sheriff, coroner or elisor. The word "sheriff" appears only once in our present statute relating to lunacy, and that is a provision of the act of 1887 which provides that he may summon twelve instead of twenty-four jurors. 2 Comp. Stat. p. 2784
§ 3, supra. This provision, it will be observed, is not mandatory but is permissive only as to the number of jurors to be summoned or who shall summon them, and this, as we have seen, is the court. By silence it may permit the commissioners to act.
As is well known, the court of chancery may issue its writ offieri facias to a master as well as to a sheriff, and this is always the practice where land in two counties is to be sold and this is recognized by statute. See Comp. Stat. p. 4678 § 12, and, also, in cases where there is an intricate distribution to be made of the proceeds of sale. See Shreve v. Harvey, 74 N.J. Eq. 336,352. In the Chancery act of June 13th, 1799 (Pat. L.p. 433), the issuance of a writ of fieri facias to the sheriffor other officer is mentioned, and the same practice still exists. See Chancery act. Comp. Stat. p. 427 § 46, c. These other officers are masters in chancery, and, doubtless, coroners of the different counties; perhaps others.
In re Arnhout, 1 Paige (N.Y.) 497, the chancellor ordered a new commission, and at the same time (page 499) directed that the precept for the jury to go to the coroner because of the alleged misconduct of the sheriff at the former hearing.
The petitioner herein, as already stated, is Mrs. Woods. *Page 373 
the daughter of the subject of the inquisition. In an affidavit annexed to the petition she swore that her mother was insane and incapable of governing herself and her affairs. Also on the first trial, which proved abortive by reason of the disagreement of the jury, she testified distinctly and plainly that her mother was insane. She now has written to her counsel, Messrs. Moore 
Butler, and informs them that she wishes not to further prosecute the case, and for them to withdraw and dismiss it. This, too, is abortive.
The chancellor is general guardian of all infants, idiots and lunatics, and when they are brought before the court the jurisdiction parens patriae obtains, and they are wards of court. Greenberg v. Greenberg, 4 N.J. Adv. R. 1148, 1154;99 N.J. Eq. 666. And the petitioner may not dismiss the proceedings to the detriment of a lunatic, who is a ward of court, without the chancellor's consent, and he will not consent unless it is for the best interest of the lunatic so to do. In this case the alleged lunatic's interest requires that the cause be proceeded with.
While a near relative of the alleged lunatic is the proper person to institute lunacy proceedings, nevertheless, creditors may prefer a petition for a commission against their lunatic debtor. Dick. Ch. Prec. (rev. ed.) 639 note a. See, also,Shelf. Lun. [*]93. And the commision may issue on the petition of strangers on information by the attorney-general. See Shelf.Lun. supra. And the right of a commission is purely discretionary with the chancellor if the alleged incompetent needs the chancellor's care. In re Clifford, 57 N.J. Eq. 14.
Lunacy proceedings have been called quasi-criminal; that they are special proceedings and not adversary ones — ones in which the public have an interest. 32 C.J. 627.
A proceeding for a commission of lunacy is begun in the interest of the public and of the person alleged to be of unsound mind. Hinton v. Brewer, 129 Ga. 232 (at p. 233). In that case complainant appears to have entered a dismissal without leave by the court. The proceeding is in the interest of the public to protect deficient citizens. In re Philips, *Page 374 158 Mich. 155. See, also, Galbraith v. Black, 89 Ind. 300,
wherein it is held that a person instituting such proceeding has no right to dismiss it without consent of the court, which will be withheld in a proper case.
To permit this suit to proceed in the name of the petitioner is in a measure equivalent to permitting a stockholder to sue a corporation where the corporation itself refuses to sue. This proposition is so axiomatic as to scarcely need the citation of authorities to support it. See Groel v. United Electric Co.,61 Atl. Rep. 1061, among other cases.
The result reached on this branch of the case was, that the proceedings being for the benefit of the lunatic, who clearly appeared to be insane, should be continued to be prosecuted by the solicitors of the petitioner and in her name, notwithstanding her attempted withdrawal and desire to dismiss.