(129 So. 51)

## SORTER v. AUSTEN.
### 8 Div. 144.

Supreme Court of Alabama.
May 29, 1930.

Rehearing Denied June 26, 1930.

J. A. Lusk, of Guntersville, for appellant.

Wm. C. Rayburn, of Guntersville, for appellee.

BROWN, J.

■ An inquisition of lunacy under the statute is a proceeding sui generis, partaking of the nature of a civil action, and is an adversary proceeding. 32 C. J. 627, § 164; 14 R. C. L. 560, § 11.

■ But such a proceeding is not a suit within the meaning of section 7222 of the Code of 1923, which requires a party filing a new suit after a dismissal or nonsuit, to pay the costs of the former suit. Hinton v. Brewer, 129 Ga. 232, 58 S. E. 708; 32 C. J. 627–8, § 164.

■ The statute, Code 1923, § 8107, regulating the impaneling of the jury in such inquisition proceedings, provides that, "if any of the jurors are excused from serving, fail to attend, or *are set aside for any cause,* their places may be supplied from the bystanders." (Italics supplied.) The action of the court in ordering the sheriff to summon a juror from the bystanders to supply the place of the juror who failed to attend, is clearly sustained by the quoted provision of the statute.

■ The right of peremptory challenge in trials by jury is purely statutory, and, in the absence of statute conferring such right, it does not exist. 35 C. J. 239, § 168; South v. State, 86 Ala. 617, 6 So. 52; Lore v. State, 4 Ala. 173.

■ But the right to challenge for cause is inherent in the right of trial by an impartial jury, and cannot be denied, where the right of trial by jury exists. O'Rear v. State, 188 Ala. 71, 66 So. 81; Wabash Railroad Co. v. Coon Run Drainage & Levee District, 194 Ill. 310, 62 N. E. 679; 35 C. J. 239, § 168; 35 C. J. 312, § 321.

■ The right of challenge for cause is clearly recognized by section 8107, and, if it should be conceded that the fact that juror Lafarlette was the son of a witness summoned in the case was sufficient cause for challenge, the witness was not examined and, if error to deny the right of challenge, it was error without injury. 35 C. J. 320, § 333; Arnold v. State, 150 Ark. 27, 233 S. W. 818; Faith v. Atlanta, 78 Ga. 779, 4 S. E. 3.

The substance of the testimony of the witness Morrow, given as a predicate for his opinion that the appellant was of unsound mind, was that he had known her for fifteen or twenty years; that he had observed and talked to her "some little" a few days ago; that he had seen Joe Wright talking with the defendant about her house; that he had seen Wright at defendant's house four times; that he had never had any business transactions with the defendant; that he had never seen her make change of money, and that he never saw her mad; that he had been in the home of the defendant one time only, some four or five years before, and that what he knew about her incompetency to attend to her business was from what her neighbors and friends said about her renting her house or home to persons and then falling out with them and putting them out of the house.

■■ It is settled law in Alabama that "a non-expert witness cannot give an opinion as to the sanity or insanity of the individual inquired of based in whole or in part upon an abstract hypothetical question, but must base his opinion solely upon his own personal knowledge, observation, acquaintance, experience, etc., with the individual inquired of," that to qualify a nonexpert witness to give his opinion that the person is of unsound mind, his testimony must show "such acquaintance and continuous intimacy on the part of the witness" with the person whose sanity is in controversy, as enables the witness to form an accurate and trustworthy opinion as to the mental condition of such person, and the witness "must first state the facts claimed to show or indicate an abnormal condition of the mind." Parrish v. State, 139 Ala. 18, 36 So. 1012, 1020; Braham v. State, 143 Ala. 28, 38 So. 919; Jones v. State, 181 Ala. 63, 61 So.

434; Bachelor v. State, 216 Ala. 356, 113 So. 67.

On the predicate developed by the testimony of this witness, he was not qualified to give an opinion that the appellant was of unsound mind, and the court erred in receiving this testimony over her objection. The same is true as to the testimony of some, if not all, of the other nonexpert witnesses.

We are further of opinion that the verdict of the jury is contrary to the great weight of the evidence, and the court erred in refusing the motion for new trial.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.