## ELY *vs.* ELY'S EXECUTORS.

1. After making a bequest to his wife, the testator added these words; "In case she should lose any part of her property before mentioned, and need more than she has of her own to support and maintain her comfortably, then, and in that case, so much of this money deposited and accumulated as she shall need for her comfortable support, I order my executors to draw and pay to her, yearly or half yearly." The widow needing more

than she had of her own to support herself comfortably, though she had lost none of her property, filed a bill for the construction of this clause. *Held*—That having lost none of her own property, she was not entitled to any part of the bequest.

2. " And" will be construed " or," only to effect the evident intent of the testator, never to gratify the wishes or desires of a legatee, or to effect what might, in itself, seem more just or reasonable.

3. There is no power to change the words in a will, unless such change is necessary to effect the intent of the testator, apparent on the face of the will or from surrounding circumstances.

4. The legatee seeking a construction of the will to gratify her own wishes, and against the obvious intent of the testator, bill dismissed ; legatee to pay her own costs.

This case was submitted on bill and answer, and the briefs of counsel.

*Mr. J. W. Taylor,* for complainant.

This bill is filed by the widow of Caleb H. Ely, deceased, against the executors and residuary legatees under his will, for a judicial construction of the following clause in said will, *viz.*

" And I do order that my executors do deposit, as soon as practicable after my decease, the sum of $1000 in the Newark Savings Institution, the interest of which is to be added to the principal, during the natural life of my said wife Selina, or as long as she remains my widow, for her use, *in case she should lose any part of her property before mentioned,* AND *need more than she has of her own to support and maintain herself comfortably ;* then, and in that case, so much of this money so deposited and accumulated as she shall need for her support, I order my executors to draw and pay to her, yearly or half yearly," &c.

The complainant admits that she has not lost any part of her property, but alleges that she needs more than she has of her own to support and maintain herself comfortably ; and insists that this circumstance, irrespective of loss, entitles her to the benefit of the provision in question.

It is to be assumed, for the purpose of this argument, that her allegation of insufficient means of her own is true, and that in case a construction favorable to her is given, the other matter shall be the subject of inquiry before a master.

I. It is evident that the *general* and *predominating* intent of the testator was to provide a comfortable support for his widow, in case her own means should prove inadequate, *from any cause.* This is apparent from the following considerations, *viz.*

(1.) The relation which she sustained towards him—being his wife—and therefore presumptively the object of his care.

(2.) Her condition—being *advanced in life* and *without children of her own to support her.*

(3.) The testator had received and enjoyed a good portion of her small income during their joint lives as man and wife.

(4.) The language, " and need more than she HAS of her own," &c., denoting her pecuniary condition, or rather the amount of her property or income, at *the death of the testator;* from which time the will speaks.

The only thing in the way of this construction, is the use of the word " and" instead of " or ; " but,

II. The word " and" will be construed to mean " or," and *vice versa*, in order to effectuate the intent of the testator. See 1 *Jarman on Wills*, (4th Am. ed.,) ch. 17, and the authorities there commented on and cited in relation to *supplying, transposing,* and *changing words.*" *Ib.* 455 ; 1 *Redfield on Wills* 488 ; *Ram on Wills* 55, 242 ; 2 *Williams on Ex'rs*, 978 ; 2 *Roper on Legacies* 1410 ; *Burrill's Law Dict.* " AND ; " *Holcomb* v. *Lake*, 1 *Dutcher* 605 ; *Jackson* v. *Blanshan*, 6 *Johns.* 54 ; *Maberly* v. *Strode*, 3 *Ves., jun.*, 450 ; *Bell* v. *Phyn*, 7 *Ves.* 454 ; *Wilson* v. *Bailey*, 3 *Brown's P. C.*, 195 ; *Hepworth* v. *Taylor*, 1 *Cox* 112 ; *Stubbs* v. *Sargon*, 2 *Keen* 255.

III. The costs, even in case of a decision adverse to the

complainant, should come out of the estate. 1 *Redfield on Wills* 493, § 4.

"The general rule undoubtedly is, that whenever the testator raises a doubt in regard to the meaning of his will, his general property must pay for settling it." *Ibid.* 495.

*Mr. Titsworth,* for defendants.

The complainant seeks to have the provision in the will of testator, which reads as follows: "And I do order that my executors do deposit, as soon as practicable after my decease, the sum of $1000 in the Newark Savings Institution, the interest of which is to be added to the principal during the natural life of my said wife Selina, or as long as she remains my widow, for her use, in case she should lose any part of her property before mentioned, and need more than she has of her own to support and maintain herself comfortably; then, and in that case, so much of this money so deposited and accumulated as she shall need for her support, I order my executors to draw and pay to her, yearly or half yearly, and at her decease I order the remainder of said money to be equally divided among my children and their heirs, or their legal representatives:" construed to mean, that if the widow, Selina Ely, does not receive sufficient yearly income from her own estate, without touching the principal thereof, that in that case she is entitled to call on the executors, and they are bound, under that provision, to pay her out of this $1000, such a part of it, yearly, as will be sufficient for her support.

Such was not the intention of the testator, and if not, the court will not so order. The intention of the testator manifestly was, to provide for her to the extent of $1000, out of his estate, if she lost her own, or if her own was consumed.

The testator believed she had enough of her own for her support during her lifetime. She had no children to provide for on her death; he had. His estate was small. Some of his children were unmarried daughters, with nothing to depend on but their share of his estate.

His widow has an estate worth at least $8000, part of it improved real estate, and $3700 in bonds and mortgages and money in bank. She is sixty-five years of age, in feeble health, according to the bill.

Why should she not draw upon her principal, if her income is not sufficient? For what purpose is her principal to be left untouched, while she claims a portion of the $1000, consuming that, and leaving her own money intact? The testator did not mean her to have any part of this $1000, unless she needed it after her own was exhausted. It was to be deposited in a savings bank, and interest added to it to provide for the contingency of her losing or consuming her own. He intended it as a reserve fund for such contingency.

The will cannot mean anything else. It does not direct executors to pay, if *her income* from her own is not sufficient for her support, but only in case she loses " any part of her *property before mentioned,*" that is, her *principal,* and needs, for that reason, a part of this $1000 for her support.

She has received more than she admits, as appears by the answer; but how much income she has received, or whether the testator lived in her house during his lifetime, and used any part of her income, has nothing to do with the construction of this will.

The construction is governed wholly by the " intention of the testator." The " plain and unambiguous words of the will must prevail." 1 *Redfield on Wills, pp.* 430, 433, 435, 442; see language of Lord Chancellor, *p.* 491; *Holcomb* v. *Lake,* 4 *Zab.* 686.

Nor does it make any material difference whether " and" is construed to mean " or" in some wills. It cannot in this will. "Lose" and "need" are to be construed together in this will. The testator considered she had sufficient, and would not need, if she did not lose or consume; but while she had enough of her own for her support, she was not to call for, and she had no right to receive any portion of this reserve fund.

As to the costs of this proceeding: the defendants have not raised any doubt as to the construction of this will; they think it clear. The testator could not have made his intention more apparent, by the use of words. This doubt is raised by complainant without reasonable cause, and therefore she should pay the costs. I submit the bill should be dismissed with costs.

THE CHANCELLOR.

The only question is the construction of the will of Caleb H. Ely. It arises upon a direction in the will in these words: "And I do order that my executors do deposit, as soon as practicable after my decease, the sum of $1000 in the Newark Savings Institution, the interest of which is to be added to the principal during the natural life of my said wife Selina, or as long as she remains my widow, for her use, in case she should lose any part of her property before mentioned, *and* need more than she has of her own to support and maintain her comfortably; then, and in that case, so much of this money deposited and accumulated as she shall need for her comfortable support, I order my executors to draw and pay to her, yearly or half yearly."

The complainant has lost none of her property, but needs more than she has of her own to support herself comfortably. It is contended on her part that the word "and" should here be construed "or," to effect the intent of the testator. As the will is written, it is clear that she can only have this fund in case she both loses part of her own property and needs this.

There is no power to change the words in a will, unless such change is necessary to effect the intent of the testator apparent on the face of the will, or from surrounding circumstances. There is nothing here on the face of the will, or in the facts to which the direction applies, to indicate that the testator did not intend what he has said. He thought his wife's property sufficient for what he judged a comfort-

able support for her, and only intended to add to it in case of a loss. What he meant by a comfortable support was the support which that property might give her, not·what she might imagine, after his death, was required for her comfort. He has clearly expressed this intention. The words of a will are rarely changed, not even " and" for " or," and then only to effect the evident intent of the testator; never, to gratify the desires or wishes of a legatee, or to effect what might in itself seem more just or reasonable. A bequest of ten shares of bank stock, *or* $1000, to a son, would never be construed to give both, because, on the whole, it was right and reasonable that the testator should have given both. The only advantage in the use of these words is, that one or both bequests may be included, as the intention may be. No testator could safely express any intention if the courts, at their pleasure, could substitute words which would change his directions.

The intent is so obvious in this case, that I cannot take out of the estate the costs of the complainant in bringing this suit.

Let the bill be dismissed, and each party pay their own costs.