WILLIAM D. KELLOGG, administrator, &c.,

*v.*

EMMA L. BURNETT et al.

[Submitted February 7th, 1908.   Decided February 18th, 1908.]

1. Where testator's will provided that, after the decease of his two children, the rest of the property, except as permanently willed to his wife, should be divided equally among his grandchildren then living, &c., the period for distribution would not arrive until the death of both children, since the residuary legatees could not be determined until then.

2. Where a testator's will provided that his wife and two children should each have one-third of the proceeds of certain property, to be paid in semi-annual installments, but that no part of the principal should be paid to either of the children, and, if the wife died before the children, then her share should be added and counted as belonging to the two children, share and share alike, the will did not give the children a joint tenancy with a right of survivorship, and upon the death of one the whole income would not go to the other.

3. The court of chancery cannot be compelled to construe a will except as incident to some relief which may be afforded by a final decree,

nor can it be induced to give counsel and advice to the parties generally, but only for the purpose of giving positive directions for the action of the trustee; hence, where the court has determined that an estate is not ripe for a division, it has no jurisdiction to entertain a bill for directions concerning the distribution until the time for distribution arrives.

Final hearing on bill, answers and replications.

The bill in this case seeks a construction of the will of Oliver Smith, who died in 1875. The testator left him surviving two children, Emma L. Burnett, who is still living, and Stephen O. Smith, who died in 1906. Mrs. Burnett, the surviving child, has three children, Frederick M. Burnett, Anna V. Canniff and Neville S. Burnett. Stephen O. Smith, the deceased son, left a widow, Alice M. Smith, and a daughter, Mary A. Smith. The property in question consists of real and personal estate, the personalty being valued at upwards of $13,000, and the realty at $8,400. The provisions of the will, construction of which is sought, are as follows:

"(3) The rest and residue of all my property, both real and personal, I hereby order and direct my executors hereinafter named to collect the rents thereof, if the same should be in houses or lands, and the interest thereon if the same should be in money at interest or on dividends or stocks, and to pay such rents or interest or dividends in half yearly payments to my heirs as follows: One-third part thereof to my said wife as the preceding section directs, and one-third part thereof to my daughter, Emma L. Burnett, the wife of Elijah D. Burnett, and the other third part thereof to my son, Stephen O. Smith; and I hereby further order and direct that in case my said executors should at any time think it advisable to sell and dispose of any or all of my real estate (excepting my homestead as before bequeathed to my said wife) they may by and with the advice and consent of both my said children sell and dispose of the same and safely invest the proceeds thereof at interest, but it is my express directions that no part of the principal shall be paid to either of my said children during their lives, and if my said wife should depart this life before my said children then and in that case her third part as aforesaid shall be added and counted as belonging to my said two children share and share alike."

"(4) After the decease of my said two children all the rest and residue of my said property (excepting as aforesaid I have permanently willed to my said wife) I order and direct shall be divided in as many parts as I may have grandchildren living and each grandchild shall be entitled to an equal share thereof, to be paid them respectively as they

arrive at the age of twenty-one years, or if either of them who are girls should *mary* before they *arive* at that age (twenty-one years) they shall at the time of such marriage be entitled to their said portions, and if either of my said grandchildren should die before such *devision* should be made, leaving lawful issue, then and in that case their said issue shall be entitled to their respective portions of their said parents."

The testator owned at the time of his death a tract of land on Boston street, Newark, which by the second codicil of his will he devised to Emilie L. Riker for the term of her natural life; she is still living. Some years ago she conveyed her life estate to the above-named Stephen O. Smith, whose representatives will continue to enjoy the rents and profits thereof until the death of Mrs. Riker.

*Mr. William T. Day,* for the complainant.

*Mr. William H. Francis,* for the defendants Alice M. Smith and Mary A. Smith.

*Mr. Archibald F. Slingerland,* for the defendants Emma L Burnett, Frederick M. Burnett and Neville S. Burnett.

*Mr. Thomas A. Davis,* for the defendant Anna V. Canniff.

HOWELL, V. C.

The first question arising under this will is whether the period of distribution of any portion of the principal or any portion of the accumulated income of the testator's estate has arrived. The first clause of the fourth item of the will appears to fix this period at a time "after the decease of my said two children." This must be held to mean at the time of the death of the said two children, and, inasmuch as only one of the two children has died, it is my opinion that the period of distribution has not yet been attained.

This seems to have been the decision of this court in the case of *Whittaker* v. *Whittaker, 40 N. J. Eq. (13 Stew.) 33.* There the testator gave to his wife a life estate in realty and personalty

with a contingent interest therein to his wife's niece if she should survive the wife, after which he provided: "After the decease of my said wife and niece I give my estate to my lawful heirs to be equally divided among them share and share alike."

That case was in its facts very similar to the case at bar; there was a life estate to two persons with a devise over upon their death to a class; and it was held by Chancellor Runyon that the gift over to the class, namely, his lawful heirs, did not take effect until the death of both the wife and niece. He says: "It is quite clear that the testator intended to postpone the distribution of all his estate until the death of both those persons;" and such is undoubtedly the construction to be placed upon the present will. The devise over in this case is after the death of the two life tenants, and the fact cannot be determined who shall belong to the class of ultimate legatees until both the life tenants shall have died. Although the surviving life tenant is now probably beyond the age of child bearing, the court will not enter upon any presumptions that the class of legatees may not be enlarged. Indeed, it is more likely to be diminished by the death of one or more of the present grandchildren who would belong to the class if the distribution could be now made.

It appears in the case that since the death of Stephen O. Smith, the executor and trustee has paid to Mrs. Burnett only one-half of the income of the estate, and that he has made no disposition of the remaining half of the income, so that the complainant has in hand a sum of money which he says he cannot safely pay to anyone without the decree of this court. The case of *Whittaker* v. *Whittaker* contained a similar situation. There between the death of the wife and the arrival of the period of distribution some income had accumulated in the hands of the executor, and concerning this the chancellor made the same direction as he made concerning the principal. He held that the residuary gift in that case carried with it the devise of the intermediate income, that the intermediate income should be accumulated and divided at the time when the capital of the estate came to be divided. It was claimed on behalf of Mrs. Burnett that the gift of the income to herself and her brother must be

governed by the ordinary rules governing gifts of personalty, and that under those rules she as the survivor was entitled to the whole of the accruing income during the time of her life. This is negatived by the words of the gift itself as they appear in the third clause of the will. The words are that the two life tenants shall receive the income, share and share alike, a phrase which is wholly inconsistent with a joint tenancy with a right of survivorship, but accords completely with the cases decided in this state, on that point. It was so settled in *Stoutenburgh* v. *Moore, 37 N. J. Eq. (10 Stew.) 63; affirmed, 38 N. J. Eq. (11 Stew.) 281,* on the authority of *Woolston* v. *Beck, 34 N. J. Eq. (7 Stew.) 74; Wills* v. *Wills, L. R. 20 Eq. 342.* The cases cited by counsel for Mrs. Burnett (*Begley* v. *Cook, 3 Drew. 662; Pearce* v. *Edmeades, 3 Y. & C. Ex. 246; 3 Jur. 245*) appear to have been overruled in 1875 by the case of *Wills* v. *Wills,* above referred to. It was there held that words in a will very similar to those used in this will created not a joint tenancy but a tenancy in common of the life interest. The same rule was held by our court of errors and appeals in the case of *Collins* v. *Wardell, 65 N. J. Eq. (20 Dick.) 366.*

Again it is urged that the cases of *Woolston* v. *Beck, Stoutenburgh* v. *Moore* and *Collins* v. *Wardell,* are authorities for holding that one-half of the principal and all the accumulated income should have been divided upon the death of Stephen O. Smith. This insistment leaves out of view the very broad distinction between the facts in those cases and the facts in the case at bar. In those cases while the gifts may be said to have been to a class, the fact is that the class was ascertained and determined by the will itself. In this case the class is not so determined; it can only be determined by the efflux of time, because nobody can know how large the class may be or who may be included in it until the death of the last life tenant.

In *Stoutenburgh* v. *Moore* the words "at their death" were held to mean "at the death of them respectively," but such a construction of the words "after the decease of my said two children" in this will would do violence to the testator's evident intention that the members of the residuary class should not be

determined until the death of the last surviving life tenant, and that there should be but one, and that an equal division among all the members of the class. For the reasons above stated any other construction might lead to this result: First, an ascertainment of the members of the class in 1906, the date of Stephen O. Smith's death, and a division at that time among the members so ascertained, and a subsequent ascertainment at the death of Mrs. Burnett, which may take place years afterwards, when the membership of the class may be changed and a materially different division be then made. Such an absurd result will be wholly avoided by fixing the membership of the residuary class at one time, and that at the death of Mrs. Burnett.

Having thus determined that the estate is not ripe for a division the duty of the court ends. This court has no jurisdiction to entertain a bill for directions about the distribution until the time for distribution arrives. It cannot be compelled to construe a will except as incident to some relief which may be afforded by a final decree, nor can it be induced to give counsel and advice to the parties generally, but only for the purpose of giving positive directions for the action of the trustee. *Hoagland* v. *Cooper, 65 N. J. Eq. (20 Dick.) 407; Bevans* v. *Bevans, 69 N. J. Eq. (3 Robb.) 1.*

The bill must therefore be held to have been prematurely filed, and must be dismissed; but in view of the claims made by the several answering defendants, it cannot be said that the matter was opened to the court without reason, and the decree will, therefore, be without costs.