This is a case for the construction of a will.
Before proceeding to consider the merits of the case itself, it might be proper to state that when counsel appeared before me a consent decree construing the will, which the court had never seen, was presented to me for approval, and the brief of the solicitor for the complainant mentioned the fact that such a consent decree was submitted. At that time I said that such a course is impossible, and I now reiterate that statement. It should be thoroughly understood that a will cannot be construed by consent of counsel, but must be construed by the court after careful consideration of its contents, and should counsel disagree with the court's findings, their remedy is not by consent but by appeal. In response to my statement from the bench counsel have submitted the will to me, and I will endeavor to construe it. *Page 151 
The will in question is that of Edwin H. Mead, who died on February 3d 1895, a resident of Essex county, and his will was duly admitted to probate. By it, in the second clause, he left his property to his wife for life, and then follows the following:
"And upon her death to divide the same into as many equal parts as we shall leave children us surviving, and children then dead, who may leave child or children, then them surviving.
"If our daughter is then living one of said parts to be held in trust by said Trust Company to pay the net income therefrom quarter yearly during the term of her natural life to said daughter, and upon the death of said daughter to divide the principal of such part equally among her children, if she shall have any, in equal shares; in default of children to pay said principal to her brothers, if living; if such brothers, or either of them, be dead, then the share such deceased brother would have received to the children of such deceased brother, if any, in equal shares, and, if both brothers be then dead, to the children of such brothers, share and share alike.
"The other such parts to be held in trust by said Trust Company to pay the net annual income from one part quarter yearly during the term of his natural life, to each of my sons, respectively, if both shall then be living; if either be dead, without children, then to divide such share and add the same to the respective trust funds created for his sister and his brother in this my will, then to become parcel thereof; but if either son be dead, leaving child or children him surviving, the income of such fund, which the parent would have received, shall go to such child or children during their respective minorities, the principal to such child or children, and be equally divided between them, if more than one, as they respectively attain majority.
"If either of my sons leaves a wife and children, the wife of such son shall be testamentary guardian of the property of her children, and if my daughter shall die leaving children, my son Morris B. Mead shall be testamentary guardian of the children of such daughter during their minority, each principal to be divided among said respective children on attaining majority.
"In case both of my sons shall be dead, then the principal sums of which said sons would have been the beneficiaries shall go to the child or children of said sons, per capita; or if only one shall leave children, then such children shall take the whole of such principal sum of which my sons would have been the beneficiaries, in equal shares."
The property constituting the trust estate was transferred to the complainant. On September 4th, 1907, the widow died, and was survived by her children, Morris B. Mead, *Page 152 
Winthrop L. Mead and Margaret Mead Graves, who were the only children. No other children having been born to the testator, the complainant duly administered the trust under the terms of the will. On April 5th, 1923, Winthrop L. Mead died leaving him surviving two children, Roderick Fletcher Mead and Lorraine Mead. Upon his death the trust for his benefit ceased, and the question now arises as to the disposition of his share in the estate.
The second clause in the will does not provide for the disposition of the trusts created for the sons should they die after the death of the widow, but it does contain a provision as to the share bequeathed in trust for the daughter after the death of the widow. That provision directs that upon the death of the daughter her share shall be divided equally among her children. It should be noted that the second clause says that "if either of my sons leaves a wife and children the wife of such son shall be testamentary guardian of the property of her children * * * each principal to be divided among said respective children on attaining majority." A careful reading of the entire second clause convinces me that the scheme the testator had in mind was that each of his children should receive the income of the trust set aside for his benefit, and that at his death it should go to his children, whether he survived his mother or not. The fact that he provided that children of a son should take their father's share, if the father should predecease testator's widow, and made no mention of the fact that they should take his share if he survived testator's widow, is to my mind an unintentional omission. I think it was clearly his intention that his grandchildren should take their father's or mother's share, no matter when the father or mother died.
I shall therefore advise a decree that the trust fund held by complainant for the benefit of Winthrop L. Mead shall now be paid equally to Roderick F. and Lorraine Mead, his children. *Page 153