Application is now made to fix fees for Louis B. LeDuc, solicitor for and of counsel with petitioner, and for Messrs. Alvord Alvord, solicitors for and of counsel with the alleged lunatic. In addition to the counsel mentioned, Messrs. Frank Kotok and Raymond Saltzman pray for counsel fees as being also of counsel with petitioner, and Messrs. Leroy Loder and Solve Tuso for services as counsel also for the alleged lunatic.
There can be no duplication of counsel fees based upon the number of counsel employed by a receiver. Conover v. WestJersey Mortgage Co., 96 N.J. Eq. 441. In that case legal services were jointly rendered by the receiver, who was a lawyer, and associate counsel, and for those services an award was made for counsel fees, not separate awards to each, but one award to both, and the chancellor took occasion to say: "That they will divide it between themselves is not material to the court or to the creditors."
The analogy is apparent, and following that case, one allowance will be made for the counsel of record for the petitioner and one for the counsel for the alleged lunatic. While without doubt the other gentlemen mentioned participated *Page 368 
in the hearing, an examination of the file does not disclose them as being solicitors for or of counsel with any of the parties in this cause and their compensation should be paid by those employing them.
I will allow the sum of $1,500 for the solicitor of the petitioner and $1,250 for the solicitor of the alleged lunatic.
I will advise the allowance of fees as suggested by counsel for medical experts, not that the court is bound either by the suggestion of counsel or by the agreement of the petitioner and others interested in the said estate (to which I will hereafter refer) but because I have before me no data which would cause me to believe the fees suggested were either inadequate or excessive. As to the allowance for the commissioners, two commissions were issued. At the hearing, by virtue of the first commission, the cause was bitterly contested and the hearing, in consideration thereof, continued for five days. I regret that I am unable to justify myself in an allowance which would be compensatory to the commissioners. I will allow the master commissioner at the first hearing the sum of $175, and each of the other commissioners the sum of $125, and to the commissioners at the second hearing at the same rate, the master commissioner the sum of $35 and each of the other commissioners the sum of $25. As to the jury fees, the statute provides for the payment of the sum of $2 per day. An examination of the expense account of Mr. LeDuc shows that he has paid the sum of $144 to the sheriff of Cumberland county and the same will be taxed in the costs and paid to Mr. LeDuc.
"Disbursements consisting of actual expenses of a fixed amount, such as carfare, hotel bills, c., where necessary, concerning which the court does not make an allowance upon the principle of what they are fairly and reasonably worth, should be charged as items in the receiver's account, if recovery of them is sought."Conover v. West Jersey Mortgage Co., supra (at p. 449).
The allowance of $60 for the stenographer is the usual fee of $10 per day, and will be allowed. *Page 369 
During the hearing before me it was stated several times that the petitioner and the other relatives of the alleged lunatic had consented to the fixing of certain amounts as fees or allowances and, in fact, there was a heated argument by counsel based upon the allegation that there had been an agreement as to the amount to be allowed counsel for the alleged lunatic, and that such agreement was not being carried out.
There are cases in the court of chancery where a decree will be advised by consent of all parties interested, but such is not always the case. For example, in the matter of the construction of a will, Vice-Chancellor Church, in the United States TrustCompany of New York v. Speir, 97 N.J. Eq. 150, took occasion to say: "This is a case for the construction of a will. Before proceeding to consider the merits of the case itself, it might be proper to state that when counsel appeared before me a consent decree construing the will, which the court had never seen, was presented to me for approval, and the brief of the solicitor for the complainant mentioned the fact that such a consent decree was submitted. At that time I said that such a course is impossible, and I now reiterate that statement. It should be thoroughly understood that a will cannot be construed by consent of counsel, but must be construed by the court after careful consideration of its contents, and should counsel disagree with the court's findings, their remedy is not by consent but by appeal."
The chancellor, in In re Judges in Chancery, 101 N.J. Eq. 9
(at p. 12), said, in commenting upon the duties of the judges in chancery: "And think of counsel endeavoring to get a construction of a will to suit their fancy, stipulating the law which only the court can decide. And this was asked of a vice-chancellor, who refused it, stating the true rule." UnitedStates Trust Co. v. Speir, supra.
The chancellor is the general guardian of all infants and lunatics and when they are brought before the court, jurisdictionparens patriae obtains and they are wards of court *Page 370 
(In re Rhodes, 100 N.J. Eq. 370, citing Greenberg v.Greenberg, 99 N.J. Eq. 461), and the petitioner may not dismiss the proceedings to the detriment of a lunatic who is a ward of court without the chancellor's consent, and he will not consent unless it is for the best interest of the lunatic so to do. It follows, therefore, that the consent of the petitioner or anyone else except the chancellor cannot have the effect of withdrawing any funds from the estate of the lunatic.
It is the duty of the court to fix the amount of fees now applied for. Even if such were not the fact, consent of counsel would be unavailing upon this application. Should consent be of avail, consent of counsel can rise no higher than the ability of the client to consent, and in this case, consent of all parties in interest cannot be obtained. The alleged lunatic has been declared to be insane and is, of course, unable to now consent, and certainly the consent of the petitioner and other relatives cannot avail.
Allowances will be made in accordance with these views.