By her will Margaretta B. Webb gave the residue of her estate to complainants as her executors and trustees, to hold for the benefit of her four grandchildren and to pay from the income thereof: *Page 60 
(1) To Edward P. Holden (a complainant) an annuity of $5,000 for life.
(2) To Nellie S. Webb an annuity of $4,000 for life.
(3) To allow Helen L. Davis to reside in the house, 57 Park avenue, Madison, for life without payment of rent; the taxes, insurance and repairs to be paid from said residuary estate.
(4) To keep her homestead property open as a residence for said Edward P. Holden and his descendants (for a period not specified) and to pay taxes, insurance, repairs and such other expenses as may be necessary for the proper upkeep of the grounds and buildings.
(5) To determine at least once a year, the exact condition of her estate and after retaining sufficient to protect said annuities and her unsold or undistributed real estate, to distribute in equal shares so much income and principal as said executors shall deem best, among her four grandchildren; if at the time of any such distribution any of said grandchildren should be dead leaving issue, such issue to take the portion of the one so dying. Distribution to be made in cash or by transferring stocks, bonds, securities and real estate, as the executors deem best and to continue until the entire estate shall have been paid to said grandchildren, or their issue.
(6) To sell and convey any and all real estate at such time and in such manner as the executors may determine.
The testatrix left her surviving her four grandchildren, the two annuitants and Mrs. Davis, all of said persons being of full age and still living. Each grandchild has a child or children living and all of said great grandchildren are minors.
The bill of complaint (and the evidence) shows that the four grandchildren have requested complainants to purchase annuity policies of insurance in favor of Mr. Holden and Mrs. Webb, using the proceeds of sale of securities in the residuary estate for that purpose and having done so, to convey all the real estate to said grandchildren, subject only to the rights of Mr. Holden in the homestead and of Mrs. Davis in 57 Park avenue and distribute the balance of the personal estate, in *Page 61 
kind, equally among said four grandchildren. The bill further shows that complainants are willing and ready to comply with such request but are in doubt as to their powers and wish to be advised as to the legality thereof. They pray this court to direct them to purchase said annuity policies and to construe the will and authorize them to convey said real estate and distribute the balance of securities to the four grandchildren.
All parties in interest (except Mrs. Davis), including the great-grandchildren, are named as defendants and the adult defendants have answered requesting the court's approval of the proposed plan. An order was entered appointing counsel for the infant defendants to represent their interests.
The prayer for the construction of the will must be denied. The complainants do not indicate wherein they are in doubt as to the meaning of those provisions of the will with which we are now concerned, or as to their duties thereunder. The provisions which have to do with payment and distribution of income and principal of the residuary estate are plain and free from doubt and when there is neither doubt nor uncertainty as to the meaning of a will, the executors and trustees have no right to call on the court to define or explain their duties. Baxter's Ex'rs v.Baxter, 43 N.J. Eq. 82; affirmed, 44 N.J. Eq. 298.
This court may be asked to construe a will for the purpose of giving directions to executors and trustees in the performance of duties which the testator has imposed on them by the will and as incident to some relief to be afforded by decree, but the court will not examine the provisions of a will merely for the sake of giving advice or counsel to the parties. Hoagland v. Cooper,65 N.J. Eq. 407; Kellogg v. Burnett, 74 N.J. Eq. 304; Hoe v.Hoe, 84 N.J. Eq. 401. Here the complainants seek no relief touching the administration of their trust, or the distribution of residuary funds under the terms of the will. They do not ask to be instructed as to their powers or duties as specified by the will; they desire the approval of the court, to a plan for administration and distribution of the residuary which they and the adult defendants *Page 62 
propose as a substitute for the plan declared by the testatrix. But this court has no power to change the words of any will unless such change is necessary to effect the intent of the testator apparent on the face of the will, or from surrounding circumstances. Ely v. Ely's Ex'rs, 20 N.J. Eq. 43. There is no suggestion that the administration and distribution of the residuary estate cannot be carried out exactly as directed by the testatrix. The complainants and the adult defendants merely propose a plan which they think preferable to the one prescribed by the testatrix and one which will make immediate distribution of the residuary possible and thus prove of benefit to the complainants by relieving them of the performance of further duties and of benefit to the adult defendants by giving them their full shares of the residuary at once instead of compelling them to wait several years for their entire shares. This court has no authority to direct complainants to perform their duties in a manner contrary to the directions of the will even if all parties concerned were in court, competent to consent and consented. United States Trust Co. v. Speir, 97 N.J. Eq. 150;In re Judges in Chancery, 101 N.J. Eq. 9. The court's approval of the plan the complainants and adult defendants favor would, in effect, be making a new will for the testatrix. Had she desired, she could have directed complainants to purchase the annuities given by the will; she could have devised her homestead property and 57 Park avenue to her grandchildren, subject to the rights of Mr. Holden and Mrs. Davis therein — but she did not. She said she desired the complainants to hold and manage said two properties for the respective lives of the life tenants thereof, with sufficient of the residue retained in their hands to provide for the upkeep thereof and she also directed that sufficient of the residue be held by complainants and kept invested by them, to provide for the two annuities and she gave complainants unrestricted powers, clearly defined, as to how and when to distribute her entire residuary estate. Mr. Holden may be willing to release the complainants from liability to pay him his annuity and he may be willing that an insurance company annuity be substituted, but such a *Page 63 
scheme is quite outside the provisions of the will and therefore cannot receive this court's approval. Mrs. Webb is an incompetent and cannot consent, nor can this court consent for her, that her rights against the testatrix's estate be released and transferred to an insurance company. Nor can this court direct that Mrs. Davis' right to have the estate maintain 57 Park avenue for her life, be transferred to one or all of the grandchildren.
The court cannot approve the proposed disposition of the testatrix's residuary estate, not only because it is contrary to the terms of the will, but also because it would eliminate the potential interest of the infant defendants therein. Under the wide authority given complainants to distribute the residuary estate, they may make distribution at any time of the entire estate, except so much as they may deem necessary to provide the annuities and the upkeep of the homestead property and 57 Park avenue and if such distribution be made in the lifetime of the grandchildren, such interest as the will gives to their children is cut off. The grandchildren have a vested interest in the entire undistributed residue, subject to be divested, however, by their death prior to the time when actual distribution can be made. As I have said, the testatrix contemplated that a certain portion of her residuary estate should be held by complainants until the death of Mr. Holden, who is now seventy-nine years old, and whose expectancy of life may be assumed to be about four and a half years; that another portion should be held until the death of Mrs. Webb, who is now seventy-two years old and whose expectancy of life may be assumed to be about seven and a half years and still another portion should be held for the life of Mrs. Davis, who is now sixty-five years old and whose expectancy of life may be assumed to be about eleven years. If any grandchild should predecease any of the life tenants, then the child or children of the one so dying, will be entitled, under the terms of the will, to the share of his or their deceased parent, in the portion of the residuary to be distributed upon the death of a life tenant. The interest which the will gives to the great grandchildren cannot be defeated by a plan *Page 64 
designed to terminate the trust by agreement and thus advance the period for distribution to a time earlier than that fixed by the testatrix. Schmieder v. Meyer, 97 N.J. Eq. 335.
The bill of complaint will be dismissed.