This is an application by plaintiff as trustee under the will of Sarah Nash Hallock, deceased, to amend a portion of a final decree of the former Court of Chancery entered June 27, 1918, in a suit for construction of the decedent's will. The amendment sought is with relation to that portion of the decree which provides for distribution *Page 375 
of the principal of the trust fund. The will itself provides for distribution of the trust estate on termination of the trust, as follows:
"Upon the death of my last surviving child, to divide among and pay over to the lawful issue of my children per stirpes and notper capita, the principal of said trust fund, the lawful issue of any deceased child or grandchild in all cases to represent and take the parent's share."
The decree entered as aforesaid provides:
"* * * (2) Upon the distribution of principal of said trust fund, the trustee shall first pay to Sarah B. Taylor, Fanny H. Oatman and May Hallock, each the sum of $40,000.00 and distribute the balance thereof as follows: to Sarah B. Taylor, Fanny H. Oatman and May Hallock each one-fourth part thereof and the remainder one-fourth part thereof to Louise St. John Hallock and Alice Shakleton, Jr. in equal portions."
It is charged that the foregoing portion of the decree is erroneous in two respects, (1) that the determination as to the distribution of the remainder of the trust was premature in that on the date of the entry of the decree the class had not closed, the last surviving child of the testatrix being still alive; and (2) the decree directs distribution to the children of the testatrix, and not to their issue as directed by the will.
The law is well settled that it is only after the death of the last life tenant that the members of the class to inherit can finally be determined, and the court has no jurisdiction to direct distribution until the time for distribution arrives.Kellogg v. Burnett, 74 N.J. Eq. 304 (Ch. 1908); Clark v.Morehous, 74 N.J. Eq. 658 (Ch. 1908). It is evident that neither the parties nor the court were aware of the foregoing limitation and that the decree was entered as a result of mistake on the part of all concerned, including the court. That the power and authority to amend such a decree to correct the error is vested in this court is undoubted. Watkinson v. Watkinson,68 N.J. Eq. 632 (E. A. 1904); Morris v. Glaser,106 N.J. Eq. 585 (Ch. 1930); affirmed, 110 N.J. Eq. 661 (E. A.
1932); In re O'Mara, 106 N.J. Eq. 311 *Page 376 
(Prerog. Ct. 1930). All of the parties in this application with the exception of one, petition this court for an amendment of the decree. The one who objects does not deny that the decree as entered was erroneous and made without jurisdiction, but asserts that the lapse of time operates to bar amendment. However, as the Court of Errors and Appeals recently said in Matarrese v.Matarrese, 142 N.J. Eq. 226 (E. A. 1948), for the doctrine of laches to apply, two elements are necessary — knowledge and delay. I am not convinced that the parties had knowledge of the error until after December 11, 1948, the date of death of the last life tenant, following which the question of distribution of the principal of the trust fund arose.
The amendment will be allowed.