886 A.2d 216 (2005)
381 N.J. Super. 401
In the Matter of Vivian LANDRY, an Incapacitated Person.
Superior Court of New Jersey, Chancery Division, Atlantic County, Probate Part.
Decided August 10, 2005.
*217 Theodore S. Ridgway, Linwood, for Petitioner Atlantic City Rescue Mission.
Barbara J. Lieberman, Guardian for Vivian Landry.
WILLIAM C. TODD, III, P.J.Ch.
This opinion addresses the question of whether the court has the authority to award attorneys' fees and costs to the party who files an action for the appointment of a guardian for an individual who is alleged to be mentally incapacitated. This court has concluded it does have that authority, for the reasons discussed below.
This was an action seeking a determination that Vivian Landry was mentally incapacitated and the appointment of a guardian for her person and property. The complaint was filed on behalf of the Atlantic City Rescue Mission, the facility where Ms. Landry was residing. That complaint was supported by affidavits from physicians who had examined Ms. Landry, and who opined that she was, in fact, incapacitated. Ms. Landry had no family or next of kin who might have been expected to participate in the matter. She did, however, have some substantial assets, which included a bank account and monthly social security benefits. An order to show cause was issued, appointing an attorney for her as required by R. 4:86-4(b) and the matter was ultimately considered in June 2005. The court did determine that Ms. Landry was mentally incapacitated and in *218 need of a guardian and did appoint the attorney who had acted as appointed counsel as her guardian. Fees were awarded to that attorney as appointed counsel, pursuant to R. 4:86-4(e). With that, the court raised the issue now presented, as to its authority to award fees to the attorney representing the plaintiff Atlantic City Rescue Mission. Submissions were solicited both from plaintiff's attorney and from the guardian. In each submission, counsel argued that the court did have authority to award fees, on a variety of theories. The guardian has specifically indicated she desires to arrange for the payment of the fees incurred by plaintiff from the estate which is now under her control.
There is a basis for concern over the court's authority to award fees in these circumstances. As a general matter, our courts do not have the authority to award attorneys' fees except as provided in R. 4:42-9. Cmty. Realty Mgmt., Inc. for Wrightstown Arms Apartments v. Harris, 155 N.J. 212, 714 A.2d 282 (1998).
R. 4:42-9 was intended to set forth the circumstances in which fees may be awarded in a comprehensive fashion. R. 4:42-9(a)(7) and (8) provide that fees can be awarded whenever provided by the rules or by statute. There is no statute which would permit an award of fees to the attorney representing the plaintiff/petitioner in an action for the appointment of a guardian for another person. Other subsections of R. 4:42-9 list a variety of situations which can form the basis for an award of fees. Only R. 4:42-9(a)(2), dealing with a fund in court, may have relevance to this application. Presumably, any award of fees may also be founded on some other provision of the court rules dealing with guardianships, or on the provisions of R. 4:42-9(a)(2) dealing with funds in court. Neither provides any apparent basis for an award of fees in the circumstances presented here.
Actions for the appointment of a guardian for a mentally incapacitated person are governed by the provisions of R. 4:86. While R. 4:86-4(e) does provide that the court may fix compensation to be paid to the attorney appointed by the court and to the guardian, that rule does not provide for the payment of fees to the attorney representing the plaintiff. The rule has apparently appeared in that same form for a substantial period of time. See In re Clark, 212 N.J.Super. 408, 515 A.2d 276 (Ch.1986), referring to what was then R. 4:83-4 and determining that compensation of appointed counsel may be assessed against the party who had instituted the suit as an alternative to assessments against the estate of the incapacitated person. The language now appearing in R. 4:86-4(e), permitting compensation of appointed counsel, has been in place for an extended time. There is no apparent basis, however, for interpreting the current rule as authorizing an award of fees to the attorney representing the party who had instituted the action. There is one reported trial court opinion in which fees were awarded to counsel for the petitioner and to counsel for the incapacitated person. See In re Goldberg, 108 N.J.Eq. 366, 155 A. 137 (Ch.1931). That opinion, however, was issued in 1931, and would appear to predate the current version of both R. 4:42-9 and R. 4:86. There is no apparent reason why those rules would not have addressed the issue more specifically, if they were intended to authorize this type of fee award.
Both plaintiff's counsel and the attorney now acting as guardian for Ms. Landry have argued that fees can be awarded on the theory that Ms. Landry's estate is a fund in court, permitting an award of fees under R. 4:42-9(a)(2). That *219 argument is initially appealing, but does not stand up to any substantial scrutiny. As a general matter, fees may be awarded from a fund in court when it is clear the actions of the attorney in question have somehow created, preserved or protected the fund. See Shilowitz v. Shilowitz, 115 N.J.Super. 165, 188, 278 A.2d 517 (Ch. 1971). In this case, one clearly could conclude that this proceeding was, in fact, necessary to protect Ms. Landry's estate. As noted, the court has concluded she was mentally incapacitated and in need of a guardian. It does seem clear her estate would have been in jeopardy if some action was not taken on her behalf. It is also fairly clear that funds need not be deposited with the court to be subject to treatment as a fund in court. See Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 162 A.2d 834 (1960); Cintas v. Am. Car & Foundry Co., 133 N.J.Eq. 301, 32 A.2d 90 (Ch.1943). That analysis might be sufficient to justify the award requested here, but for the limiting language of the rule itself, which specifically provides that no allowance is to be made under the fund in court provisions of the rule as to issues triable of right by a jury. This was an action for a determination that Ms. Landry was mentally incapacitated, which is subject to the provisions of N.J.S.A. 3B:12-24. That statute provides that a trial by jury may be demanded by the alleged incompetent or someone acting on his behalf with respect to the basic claim at issue. By its own terms, R. 4:42-9(a)(2) simply does not authorize an award of fees.
All those circumstances suggest that the court does not have the authority to award fees. Two other arguments have been offered, however, to support the pending application. First, it has been suggested that it is common practice for courts to award attorneys' fees to plaintiffs' attorneys in these circumstances and that has been true around the state for an extended period of time. Formal certifications were submitted to the court confirming that, and there is no reason for this court to question those certifications. In addition, counsel have noted that the Supreme Court has approved and promulgated a model form of judgment to be used in actions brought pursuant to R. 4:86, and that the form judgment includes specific clauses to be used to confirm the amount of fees awarded to the attorney representing plaintiff. See Director Carchman's Notice to the Bar with the Form Judgment in question at 14 N.J.L. 620 (March 28, 2005). The notice distributing that form does make it clear that the decision to incorporate a specific provision of the form in the judgment being entered remains with the court. By the same token, the form does suggest that the Supreme Court has recognized that fees may be awarded in these circumstances.
Both plaintiff's attorney and the guardian have argued that there are substantial policy reasons for permitting an award of fees. Those arguments are all appropriate. Obviously, there are circumstances where the filing of an action for a guardianship is essential, and there are policy reasons to promote such filings in appropriate circumstances. The ability to seek reimbursement for fees from the estate of an alleged incapacitated person, in the event of an incapacity determination, will undoubtedly make it more likely that someone will elect to pursue an action for guardianship in some circumstances. There are obvious reasons to permit such awards. The question presented here, however, is whether such awards are authorized.
As noted above, the guardian appointed by the court in this case has affirmatively indicated a desire to compensate plaintiff or plaintiff's attorney for the fees incurred. One can imagine circumstances in which a *220 guardian is appointed, is then presented with a request for fees and elects to make such a payment. In those circumstances, the guardian presumably would seek court authorization for such a payment in one way or another, perhaps through the submission of an accounting. It is questionable whether such a payment could be made without court approval, since the incapacitated person himself would have no clear obligation to make the payment, absent a court order. One might argue that a guardian's request for permission to make a payment to the plaintiff or the plaintiff's attorney does not involve an award of fees as such and therefore is not subject to the restrictions of R. 4:42-9. Arguably this particular matter might have been resolved on that basis. For a number of reasons, however, this court is satisfied that would have been inappropriate. First, this application was not presented in that fashion. This is an application for an award of fees brought on behalf of plaintiff in the original proceedings, prior to the appointment of the guardian. Second, that type of resolution would presumably suggest that additional applications would generally be required before fees could be paid. Third, that type of resolution would require that any payment be premised initially on the guardian's election to make payment. While that may well be appropriate, that would not necessarily address the policy issues noted above. Most importantly, such a resolution would not resolve the most basic issue presented as to the court's authority to award fees to plaintiff or plaintiff's counsel absent the specific consent of the guardian.
With some hesitation, this court has concluded it does have the authority to award attorneys' fees to a plaintiff in an action for a guardianship of an incapacitated person brought pursuant to R. 4:86. The court has reached that conclusion based on the Supreme Court's action in promulgating the form model judgment referred to above, which does provide for an award of attorneys' fees in these circumstances. There is no other apparent basis for such an award. This court is satisfied, however, that the Supreme Court has impliedly authorized such an award.
Having concluded that fees may be awarded in actions where there has been an incapacity determination, additional issues will be presented as to whether an award of fees is appropriate in a particular case. This court is not convinced it has the authority to award fees except in those cases where it is determined that the individual in question is incapacitated and where a guardian is appointed. It is only in those circumstances that the form judgment discussed above would be used. It is that form judgment which provides the basis for this court's conclusion that the Supreme Court has authorized an award of fees. This court sees no basis for concluding that there is any authorization for an award of fees when the plaintiff is not successful in establishing incapacity and the need for a guardianship. Compare the provisions of R. 4:42-9(a)(3), permitting an award of fees in probate matters even when the contestant is unsuccessful, where it is determined there was reasonable cause for contesting the will or codicil in question.
In addition, there is no reason to believe that fees must be awarded whenever there is a determination of incapacity. As noted, the notice promulgated with the form judgment clearly indicates that the decision to incorporate a specific provision in judgments being entered remains with the court. There are a variety of factors which should be considered in determining whether an award of fees is justified in a specific case, and the amount of the award which would be appropriate. *221 Any application for fees must be supported by an affidavit of service, as required by R. 4:42-9(b). Obviously, it will be necessary to consider whether the fees requested are reasonable and appropriate, both in terms of the hourly rate requested and the amount of time devoted to the matter. It would also be appropriate to consider a variety of other circumstances. What was the plaintiff's motivation in pursuing the action for guardianship? Was plaintiff primarily concerned with protecting the incapacitated person, or was plaintiff motivated by some other interest? Does the plaintiff have a potential interest in the incapacitated person's estate? It would also appear appropriate to consider the financial circumstances of both the incapacitated person and the plaintiff in determining whether fees should be awarded.
The attorney's fees requested in this matter were generally reasonable and appropriate to the circumstances presented. There is no question that the services rendered did play a role in preserving the estate. It does appear that plaintiff's primary motivation was to protect the incapacitated person and her estate. There are funds in the estate from which the payment requested can be made. As noted above, the guardian has specifically consented to the payment of fees.
Fees have been awarded as requested. An appropriate order has been entered.