RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0336-15T2

IN THE MATTER OF
MARIA DELORES HELLER,
an Alleged Mentally
Incapacitated Person.
____________________________________

 Submitted March 6, 2017 – Decided September 11, 2017

 Before Judges Nugent and Currier.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Probate Part, Bergen
 County, Docket No. P-244-15.

 Wolfberg & Wolfberg, LLC, attorneys for
 appellant/cross-respondent Maria Delores
 Heller (Matthew Wolfberg, of counsel and on
 the briefs).

 Susan S. Harmon, respondent/cross-appellant
 pro se.

PER CURIAM

 The appeal and cross-appeal in this unsuccessful guardianship

action involve the trial court's denial of compensation to a

guardian pendent lite and the fee award to her attorneys. Maria

Delores Heller, the alleged incapacitated person, appeals from an

order that required her to pay counsel fees to the attorneys who

represented the guardian pendente lite ("temporary guardian") as
well as the premium for the temporary guardian's bond. The

temporary guardian cross-appeals from the same order, arguing the

court erred by reducing the fee her attorneys sought and by denying

her application for compensation. We have reviewed the trial

court's decisions and order for an abuse of discretion and found

none. We thus affirm the August 6, 2015 order in its entirety.

 The underlying facts are essentially undisputed. Heller, a

septuagenarian during the guardianship proceedings, suffers from

late-stage Amyotrophic Lateral Sclerosis (ALS). She is bedridden

and requires round-the-clock medical care. On July 6, 2015, the

temporary guardian, a New York attorney and a former legal

associate of Heller's late husband, filed, through New Jersey

counsel, an order to show cause and a verified complaint. The

temporary guardian sought to have a court declare Heller

incapacitated and appoint her as permanent guardian.

 In support of her application, the temporary guardian

submitted two physicians' certifications opining Heller suffered

from ALS, which rendered her mentally incapacitated and unable to

govern her own affairs. One physician concluded Heller needed a

feeding tube without which she was at a high risk of developing

aspiration pneumonia and slowly starving herself to death. In

addition to the physicians' certifications, the temporary guardian

 2 A-0336-15T2
alleged Heller had withdrawn a large sum of money from a bank

account, prompting the bank to contact Adult Protective Services.

 The court appointed counsel to represent Heller. On July 8,

2015, based on the physicians' certifications, the court appointed

the temporary guardian as pendente lite guardian of MDH's person

and property.1 The order vested the temporary guardian with the

authority to "arrange interim financial, social, medical or mental

health services" deemed necessary to address MDH's needs and avoid

substantial harm to her person or property. The order also

authorized the temporary guardian "to receive reasonable fees for

her services as well as reimbursement for reasonable expenses upon

approval of the [c]ourt [to be paid] from the estate."

 On July 16, 2015, the temporary guardian filed an emergent

application to have Heller examined, and, if necessary, to have

doctors insert a feeding tube to save her life. The court entered

a consent order that required Heller's medical examination to take

place as soon as possible and authorized the temporary guardian

to approve the administration of life-saving medical intervention,

including the insertion of a feeding tube. After doctors examined

1
 The July 8, 2015 order is an amended order. The temporary
guardian represents the original order was entered on July 7,
2015.

 3 A-0336-15T2
Heller, they discharged her from the emergency room, finding a

feeding tube was unnecessary.

 A few days after Heller's examination, the temporary guardian

decided to withdraw her guardianship application. She represented

to the court that she no longer wished to continue as guardian

pendente lite for Heller "in any capacity." After hearing oral

argument and reviewing two new physicians' certifications

concluding Heller had the capacity to make decisions relating to

her medical care, the court dismissed the guardianship proceeding,

finding Heller had capacity and should be permitted to "die with

whatever dignity she so chooses to die with."

 The court also relieved the temporary guardian of her duties

as pendente lite guardian. The court entered an implementing

order on July 23, 2015. The temporary guardian had thus served

in that capacity from July 8, 2015 to July 23, 2015, a total of

fifteen days.2 For her services, the temporary guardian sought

compensation of $44,973.66 and expenses of $3938.52. Her attorneys

sought fees of $35,946.25 and reimbursement of $1678.32 for

expenses.

2
 The temporary guardian served for sixteen days if the day the
court entered the July 8, 2015 amended order appointing her is
counted, or seventeen days if July 7, 2015 is counted. See n.1,
supra.

 4 A-0336-15T2
 The court denied the temporary guardian's application for

compensation, but awarded her attorneys $25,924.27, $23,000.00 of

which the court ordered reimbursed to the temporary guardian, who

had paid her attorneys that sum. The court also ordered Heller

to pay a bonding agency $1790 for the bond premium owed for the

bond the temporary guardian had posted.3

 Heller paid the bond premium but not the temporary guardian's

counsel fees. Rather, she "appealed" the fee award to the trial

court, alleging the court had erred by awarding fees to the

temporary guardian's attorneys. Heller argued the attorneys were

unsuccessful, the court having dismissed the guardianship action.

She also argued the temporary guardian's motive in filing the

action was for personal gain. Lastly, she argued the attorneys'

fees were excessive.

 A court has authority to fix compensation for a guardian ad

litem, his or her attorney, and appointed counsel under Rule 4:86-

4(e), which states: "The compensation of the attorney for the

party seeking guardianship, appointed counsel, and of the guardian

ad litem, if any, may be fixed by the court to be paid out of the

estate of the alleged incapacitated person or in such other manner

as the court shall direct." Rule 4:42-9, which enumerates actions

3
 The court also awarded Heller's counsel fees and costs, a
decision not challenged on this appeal.

 5 A-0336-15T2
in which the award of fees are allowable, also authorizes such

fees: "In a guardianship action, the court may allow a fee in

accordance with R. 4:86-4(e) to the attorney for the party seeking

guardianship, counsel appointed to represent the alleged

incapacitated person, and the guardian ad litem." R. 4:42-9(a)(3).

 Both rules vest the court with discretion to fix compensation;

the rules do not mandate that a court do so. A court has discretion

to decline to award a fee. Moreover, if a court in its discretion

chooses to award a fee, the court may consider counsel's lack of

success in determining what fee is reasonable. Cf. Szczepanski

v. Newcomb Med. Center, 141 N.J. 346, 355 (1995) (noting that the

method for calculating reasonable fees – a product of hours

reasonably expended on litigation times a reasonable hourly rate

– may be excessive if a plaintiff has achieved only partial or

limited success). "[F]ee determinations by trial courts will be

disturbed only on the rarest of occasions, and then only because

of a clear abuse of discretion." Packard-Bamberger & Co. v.

Collier, 167 N.J. 427, 444 (2001).

 Heller does not dispute the court's discretion to award fees

to the attorneys for the temporary guardian. Rather, she contends

the court abused its discretion because the temporary guardian's

"motive in being appointed guardian in this case [was] money," the

temporary guardian "misrepresented the mental state of Heller in

 6 A-0336-15T2
her Verified Complaint in order to get appointed," and "[t]o

require Heller, who was found to be mentally competent, to pay

this amount of money for a legal proceeding that was dismissed

without a trial or plenary hearing [eighteen] days after its

inception is unconscionable."

 The trial court determined the temporary guardian's

"application was brought in good faith . . . and not for

[plaintiff's] own gain." The court also determined "litigation

costs were necessary and could not be avoided." These findings

are supported by adequate, substantial, and credible evidence in

the record and are therefore binding on appeal. Triffin v.

Automatic Data Processing, Inc., 411 N.J. Super. 292, 305 (App.

Div. 2010) (citing Rova Farms Resort, Inc. v. Investors Ins. Co.,

65 N.J. 474, 484 (1974)).

 Nor do we find any abuse of discretion by the trial court in

the amount of fees it awarded. Attorneys seeking fees under the

actions enumerated in Rule 4:42-9 must file "an affidavit of

services addressing the factors enumerated by RPC 1.5(a)." R.

4:42-9(b). A judge considering a fee application in a guardianship

action should also consider the plaintiff's motivation in pursuing

the guardianship action, whether the plaintiff has a potential

interest in the incapacitated person's estate, and the financial

circumstances of both plaintiff and the alleged incapacitated

 7 A-0336-15T2
person. In re Landry, 381 N.J. Super. 401, 410 (Ch. Div. 2005).

Of course, the court must also consider the reasonableness of the

hourly rate and the amount of time the attorneys "devoted to the

matter." Ibid.

 Here, the court considered all of the foregoing factors as

well as the life-threatening situation extant when the temporary

guardian filed the guardianship application. The court determined

Heller's estate was substantial. These findings are amply

supported by substantial and credible evidence and therefore

should not be disturbed on appeal. Triffin, supra, 411 N.J. Super.

at 305.

 Similarly, on the cross-appeal, we conclude the trial court

did not abuse its discretion by denying compensation to the

temporary guardian. As previously noted, the temporary guardian

served in that capacity for fifteen days, from July 8 to July 23,

2015; yet, she submitted a bill for services rendered from January

2, 2015 through July 29, 2015. Moreover, as the trial court

explained, the time the temporary guardian allegedly spent

performing certain services appears to be excessive, and the

temporary guardian billed for "attorney services" when she was

functioning not as an attorney, but a guardian pendente lite. The

temporary guardian is not licensed to practice law in the State

of New Jersey.

 8 A-0336-15T2
 The temporary guardian's application for compensation

included an extraordinary number of hours for which she did not

perform services as a temporary guardian, demonstrated excessive

time allegedly spent for other services, and apparently included

services for attorneys' fees to which she was not entitled. The

billing irregularities also called into question the application

for compensation that the court properly exercised its discretion

in denying it.

 We have considered the parties' remaining arguments and found

them to be without sufficient merit to warrant further discussion.

R. 2:11-3(e)(1)(E).

 Affirmed.

 9 A-0336-15T2